498 F.Supp. 949 (1980)
Terri Ann MIENER, etc., Plaintiff,
v.
STATE OF MISSOURI et al., Defendants.
No. 79-1050C(2).
United States District Court, E. D. Missouri, E. D.
September 19, 1980.
*950 Albert J. Haller, Steven L. Leonard, Cupples, Cooper & Haller, Inc., Clayton, Mo., for plaintiff.
M. Peter Fischer, J. Peter Schmitz, Mary Stake Hawker, Schmitz & Fischer, St. Louis, Mo., for Sp. Sch. Dist. St. Louis Co., Mo., Bd. Ed. Sp. Sch. Dist., St. Louis Co., Mo., Allan G. Barclay, Gerald K. Braznell & Gerald B. Hansen, Directors Sp. Sch. Dist. St. Louis Co., Mo., Thomas E. Smith, Supt. Schools Sp. Sch. Dist., St. Louis Co., Mo.
William F. Arnet, Joel S. Wilson, Leslie Ann Schneider, Robert L. Presson, Asst. Attys. Gen., State of Missouri, Jefferson City, Mo., for State of Mo., Jos. Teasdale, Dept. Elementary & Secondary Ed., Arthur L. Mallory, Dr. Leonard Hall, Dept. Mental Health State of Missouri, Norman Tice, Dr. Beverley Wilson, Mr. John Twiehaus, Dr. Milton Fujita.
Carl I. Katzen, St. Louis, Mo., for State of Mo. Dept. of Mental Health as to allegations Count IV only.
Leo M. Newman, Newman & Bronson, St. Louis, Mo., for State of Missouri.
Simon P. Tonkin, Asst. Atty. Gen., State of Missouri, St. Louis, Mo., for Local defendants.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on the motion of the state defendants to dismiss plaintiff's claim for "compensatory education." Plaintiff brought this suit seeking monetary, injunctive, and declaratory relief due to defendants' alleged violations of the Education of the Handicapped Act, 20 U.S.C. § 1401 et seq., Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. § 794, and the Civil Rights Act, 42 U.S.C. § 1983. On January 25, 1980, this Court dismissed plaintiff's claim for damages for violation of the above acts, finding that private actions for damages were not allowable under the Education of the Handicapped Act or Section 504, and that plaintiff had not stated a claim under 42 U.S.C. § 1983. This Court upheld plaintiff's claims, however, to the extent that she sought to enforce the education of the Handicapped Act and Section 504.
On April 23, 1980, the parties entered into a stipulation of partial settlement under which plaintiff agreed to dismiss with prejudice all claims not previously dismissed by this Court, except plaintiff's claim seeking compensatory education beyond the age of twenty-one and seeking damages for defendants' allegedly tortious conduct, a pendent state law claim. The issue now presented is whether the claim for compensatory education should also be dismissed, thereby disposing of all the federal claims.
The request for compensatory education is found in the third paragraph of plaintiff's prayer for relief.
3. Require Defendants to provide prospective relief in the form of compensatory services to overcome the effects of any past denial of special educational services as defined by the laws of the State of Missouri and by the laws of the United States as aforesaid. Such services can and should be provided at the Brown School is (sic) Austin, Texas, at no cost to the Plaintiff, Clyde J. Miener. It is respectfully submitted that the proper measure of the injury to Terri Ann because of the denial of a full opportunity to education is the cost of an educational program which can restore Terri Ann to the developmental level which she would have achieved by age twenty-one (21) if Defendants had fulfilled their obligation and duty to her. The State of Missouri and its Departments of Mental Health and Elementary and Secondary Education have failed to provide the proper levels of education for Plaintiff, Terri Ann, and therefore should be found liable to restore as best can be restored at this time, the educability and learning capacity of the Plaintiff, Terri Ann.
*951 This Court can discern no reason to distinguish the above prayer from plaintiff's prayer for damages as far as recovery under the Education of the Handicapped Act and Section 504 are concerned. Damages are meant to compensate an injured party for a past injury. Though phrased in different terms, that is exactly what plaintiff seeks in the above prayer.
Though the above prayer is not exactly clear on this point, plaintiff's briefs with respect to the instant motion indicate that she seeks an injunction forcing the State to educate her past the age of twenty-one. Had plaintiff rather sought the funds necessary to obtain a private education, there can be no doubt that the claim would be one for "damages," and therefore barred by this Court's Order of January 25, 1980. This Court does not believe the instant prayer is significantly different.
That the prayer for "compensatory education" should be treated the same as one for damages is apparent from the context in which it arises. Injunctive relief is meant to prevent the violation of some duty in the future. Ordering defendants to comply with the Education of the Handicapped would be a relevant example. Damages, on the other hand, are meant to compensate a party for a past violation of some duty. Awarding plaintiff money due to defendants' violation of the Education of the Handicapped Act is an example of "damages."
Plaintiff's claim for "compensatory education" clearly should be classified as "damages." She seeks such relief not to force defendants to comply with their duties under federal law in the future, for they would so comply by providing a free and appropriate public education for plaintiff until she reaches twenty-one, but rather to compensate her for the damage done to her by defendants' past shirking of their responsibilities. That plaintiff phrases her prayer for relief in equitable terms is not significant.
Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), dealt with an analogous situation. In that case, the lower courts had awarded plaintiffs a retroactive award of monetary relief as equitable restitution, due to defendants' earlier illegal denial of benefits to plaintiffs. The Supreme Court found such an award barred by the Eleventh Amendment, even though phrased in equitable terms.
In words pertinent to the instant case, the Supreme Court said, at 668, 94 S.Ct. at 1358:
... It (the District Court decree) requires payment of state funds, not as a necessary consequence of compliance in the future with a substantive federalquestion determination, but as a form of compensation to those whose applications were processed on the slower time schedule at a time when petitioner was under no court-imposed obligation to conform to a different standard. While the Court of Appeals described this retroactive award of monetary relief as a form of "equitable restitution," it is in practical effect indistinguishable in many aspects from an award of damages against the State .... It is measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials. (Emphasis added.)
As stated above, the same is true in this case. Plaintiff is seeking damages, even though not denominated as such. Plaintiff's prayer for compensatory education must therefore be dismissed in accordance with this Court's Order of January 25, 1980.
The only claim now remaining is the pendent state tort claim. The Supreme Court has said, in discussing the doctrine of pendent jurisdiction, that "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Though dismissal in the present situation is discretionary, Kuhn v. Nat. Ass'n of Letter Carriers, Branch 5, 528 F.2d 767 (8th Cir. 1976), this Court believes that dismissal is warranted. Plaintiff's pendent state claim will therefore be dismissed without prejudice.