**Christina FLAVIN, ppa Dennis Flavin, Dennis Flavin and Pamela Flavin**

v.

**CONNECTICUT STATE BOARD OF EDUCATION, John E. Toffolon, June K. Goodman, Rose K. Lubchansky, Roberto Fuentes, Dayson D. DeCourcy, Rose B. LaRose, Julia Rankin, Gail H. Stockham, James J. Szerejko, Members of the State Board of Education; Mark R. Shedd, Secretary of the State Board of Education and Commissioner of Education; Greenwich Board of Education; James Strauch, Hearing Officer.**

Civ. No. H–81–888.

United States District Court, D. Connecticut.

Dec. 27, 1982.

---

Hollace P. Brooks, Rome, Case, Donnelly, Kennelly & Klebanoff, Hartford, Conn., for plaintiffs.

Ellen S. Boer, Asst. Town Counsel, Greenwich, Conn., for Greenwich Bd. of Educ.

Robert W. Garvey, Hartford, Conn., John R. Whelan, Asst. Attys. Gen., Carl R. Ajello, Atty. Gen., for all remaining defendants.

## RULING ON MOTION TO DISMISS

CLARIE, Chief Judge.

This action was brought pursuant to the Education of All Handicapped Children Act, 20 U.S.C. § 1400 *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Civil Rights Act, 42 U.S.C. § 1983. In addition, the plaintiffs seek to invoke the pendent jurisdiction of this Court and allege that this action is in the nature of an appeal from the decision of the Special Education Hearing Officer of the Connecticut Department of Education, pursuant to Connecticut General Statutes § 10–76h.

The defendants have moved to dismiss this action on several grounds: (1) the action was not brought within the time required by the statute of limitations; (2) the comprehensive remedial statutory framework provided by 20 U.S.C. § 1400 *et seq.* is exclusive and precludes a right of action under Section 504 and § 1983; (3) the damages claimed by the plaintiffs are not recoverable under 20 U.S.C. § 1400 *et seq.* or Section 504; and (4) the action is barred by the Eleventh Amendment.

The Court finds that some of the defendants' arguments have merit; accordingly the Motion to Dismiss is granted in part and denied in part.

### Facts

Christina Flavin and her parents are the plaintiffs in this action and they allege that Christina is a multiply handicapped eight year old girl who qualifies for special education and related services under state and federal law. Christina was identified as a child requiring special education by the Greenwich Board of Education at a Planning and Placement Team (PPT) meeting on September 6, 1978.

Christina attended one of the special education programs of the Greenwich public schools for the 1978–79 school year. In September 1979, Christina entered a different special education program in the Greenwich public schools, however, her parents quickly became dissatisfied with that program. They allege that on October 1, 1979, they initiated a special education appeal and requested mediation pursuant to Conn. Gen.Stat. § 10–76h, which was scheduled to be held on a future date. On the very next day, however, the plaintiffs removed Christina from the special education program in the Greenwich public schools and placed her at a private school, known as the Foundation School. The transfer of Christina to the Foundation School was a unilateral action taken by the plaintiffs, before any mediation or hearings pursuant to their special education appeal could be held.

The initial mediation session was held on November 28, 1979, but failed to produce any agreement. The plaintiffs next requested a state hearing before an impartial hearing board pursuant to Conn. Gen.Stat. § 10–76h(a)(2). The latter hearing was conducted over a period of five days and the Hearing Officer issued a written decision on April 30, 1980, in which he found that the special education program provided by the Greenwich public schools was appropriate for Christina Flavin. Pursuant to Conn.Gen.Stat. § 10–76h and § 4–183, the plaintiffs appealed this deci-

sion of the state Hearing Officer to the Connecticut Superior Court.[1]

Christina Flavin completed the 1979–80 school year at the Foundation School. In August, 1980, a PPT meeting was held to discuss Christina's program for the 1980–81 school year. The PPT recommended that Christina return to the special education program within the Greenwich public schools, which had been found to be appropriate for Christina by the state Hearing Officer. Christina's parents appealed the recommendation of the PPT to the Greenwich Board of Education, which upheld the decision of the PPT. On October 28, 1980, Christina's parents requested another state hearing. The hearing was delayed, however, because the Hearing Officer ordered an independent evaluation by the Newington Children's Hospital. Following the independent evaluation, three more days of hearings were held. On July 29, 1981, the state Hearing Officer issued his decision based upon the comprehensive independent evaluation prepared by the Newington Children's Hospital and other evidence. He found that the special education program offered by the Greenwich public school system was appropriate for Christina. On November 16, 1981, one hundred and eleven days after the decision of the state Hearing Officer was filed, the plaintiffs filed this action in federal court.

### Discussion of the Law

#### I. Statute of Limitations

The defendants argue that the plaintiffs may appeal from a decision of the state Hearing Officer only as authorized in Conn. Gen.Stat. § 10–76h, which allows an appeal from a decision of the Hearing Officer in accordance with Conn.Gen.Stat. § 4–183.

The latter statute is a part of the Connecticut Administrative Procedure Act and contains the procedures for appeals from administrative decisions to the Connecticut Superior Courts and provides that "[p]roceedings for such appeal shall be instituted by filing a petition in superior court … within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after the decision thereon." Conn.Gen.Stat. § 4–183(b). The plaintiffs did not request a rehearing and the defendants contend that the plaintiffs' appeal to this court, filed 111 days after the mailing of the state Hearing Officer's decision, is untimely under Conn.Gen.Stat. § 4–183(b) and must be dismissed.

■ The complaint in this action states that the plaintiffs are aggrieved by the decision of the state Hearing Officer, "and it is from that decision that they are appealing." In addition, the first count of the complaint is based entirely on Conn.Gen. Stat. §§ 10–76a—10–76h, and the applicable statute of limitations for such an appeal is clearly the forty-five day limitation period contained in Conn.Gen.Stat. § 4–183(b). The second and third counts of the complaint, however, are based exclusively on federal law, i.e., the Education of All Handicapped Children Act (EHA), 20 U.S.C. § 1400 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Neither of these federal statutes contain a statute of limitations and therefore this Court must apply the most analogous state statute of limitations. *Chevron Oil Company v. Hudson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

---

1. If this appeal were still pending in the state forum, this Court could properly dismiss under the doctrine of federal abstention. In enacting the EHA, Congress provided for concurrent alternative jurisdiction, but did not intend simultaneous judicial consideration of the controversy in both federal and state courts. *Scruggs v. Campbell,* 630 F.2d 237, 239 (4th Cir.1980). The plaintiffs' appeal, however, filed in the Connecticut Superior Court, Judicial District of Fairfield at Stamford, Docket Number CV 800045 850S, was withdrawn by the plaintiffs on December 7, 1982, while this motion was pending. This Court will take judicial notice of the official records of court proceedings in another jurisdiction. *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736 (6th Cir.), *cert. denied,* 449 U.S. 996, 101 S.Ct. 535, 66 L.Ed.2d 294 (1980). Since there is no longer a pending state action, the Court will retain jurisdiction over this action.

In order to determine the most analogous state statute of limitations, the Court must consider the essential nature of the federal claim and whether the state judicial proceedings available under the analogous state cause of action are equivalent to the federal judicial proceedings available under the federal cause of action. *Smith v. Perkin-Elmer Corp.*, 373 F.Supp. 930, 936 (D.Conn.1973); *Tokarcik v. Forest Hills School District*, 665 F.2d 443, 448 (3d Cir. 1981).

The EHA specifically authorizes a private civil action to appeal from a decision of the state Hearing Officer which may be brought in state or federal court. 20 U.S.C. § 1415(e)(2). In such a civil action, "... the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision of the preponderance of the evidence, shall grant such relief as the court determines is appropriate." *Id.* The federal statute thus contemplates a *de novo* appeal, in which the court is entitled to render an independent judgment on the basis of the administrative record and any additional evidence brought to light. See S.Rep. No. 94–455 (Conference Committee) 94th Cong. 1st Sess. 50, reprinted in 1975 U.S.Code Cong. & Adm. News, 1425, 1480, 1503. By contrast, in an appeal taken pursuant to Conn.Gen.Stat. § 4–183, the reviewing court is confined to the record and "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Conn.Gen.Stat. § 4–183(g).

The nature of the judicial proceedings available to a plaintiff in an administrative appeal taken pursuant to Conn.Gen.Stat. § 4–183 are quite unlike the judicial proceedings available under 20 U.S.C. § 1415(e) of the EHA. Accordingly, the statute of limitations prescribed in Conn. Gen.Stat. § 4–183 is not applicable to the plaintiffs' federal cause of action. *Accord, Tokarcik v. Forest Hills School District*, 665 F.2d 443 (3d Cir.1981); *Monahan v. Nebraska*, 491 F.Supp. 1074 (D.Neb.1980), *aff'd in part, rev'd and remanded in part on other grounds*, 645 F.2d 592 (8th Cir.1981). The pendent state claims based on Conn.Gen. Stat. § 10–76a *et seq.*, however, were not brought within the forty-five day limitation period contained in Conn.Gen.Stat. § 4–183 and are accordingly dismissed.

## II. *Exclusivity of the EHA*

The second count of the plaintiffs' complaint is based on the EHA and the third count is based on Section 504 of the Rehabilitation Act of 1973. Although not addressed in any particular count, the jurisdictional statement of the complaint invokes the Civil Rights Act, 42 U.S.C. § 1983. The defendants move to dismiss whatever claims may be premised on § 1983 and argue that the comprehensive remedial framework provided by the EHA precludes a cause of action under § 1983 that is based upon a violation of the EHA. The plaintiffs argue that under *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), a cause of action exists under § 1983 for all federally created rights, including the rights created under the EHA.

In two recent cases, the Supreme Court has narrowed the reach of *Maine v. Thiboutot*. In *Pennhurst State College & Hospital v. Halderman*, 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981), the Court noted that § 1983 would not be available where the governing statute provides an exclusive remedy for violation of its terms. *Id.* at 28, 101 S.Ct. at 1545. In *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981), the Court found that statutes which contained comprehensive enforcement mechanisms could not be the basis for a § 1983 suit. *Id.* at 20, 101 S.Ct. at 1541. In the pre-*Thiboutot* case of *Brown v. GSA*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), the Court noted that a precisely drawn, detailed statute will preempt more general remedial statutes. *Id.* at 834, 96 S.Ct. at 1968.

The plaintiffs have brought this action as an appeal pursuant to the remedial provisions of the EHA outlined in 20 U.S.C. § 1415. The statutory remedial provisions

contained therein require exhaustion of administrative remedies as a prerequisite to bringing a civil action. *Riley v. Ambach,* 668 F.2d 635 (2d Cir.1981). Title 42 U.S.C. § 1983 does not require exhaustion and provides a more generalized basis for relief. In a recent case, the Supreme Court characterized the remedial provisions of § 1415 as "elaborate and highly specific procedural safeguards." *Board of Education of Hendrick Hudson School District v. Rowley,* —— U.S. ——, ——, 102 S.Ct. 3034, 3050, 73 L.Ed.2d 690 (1982). It would be inconsistent with the detailed and comprehensive remedial scheme of the EHA to allow a § 1983 claim on the basis of a violation of the EHA. *Anderson v. Thompson,* 658 F.2d 1205, 1216 (7th Cir.1981). Accordingly, the plaintiffs' claims for relief under 42 U.S.C. § 1983 are dismissed.[2]

### III. *Damages*

■ The plaintiffs seek reimbursement for the full cost, including transportation and tuition, of Christina's placement at the Foundation School for the 1980–81 and 1981–82 school years. The plaintiffs also seek to recover the costs of this action, including attorneys' fees and such other relief as the Court deems appropriate.

Insofar as the plaintiffs are seeking monetary damages under the EHA, this Court has previously held that monetary damages are not recoverable under the EHA. *Loughran v. Flanders,* 470 F.Supp. 110 (D.Conn.1979); *Accord, Anderson v. Thompson,* 658 F.2d 1205, 1213 (7th Cir. 1981). In addition, the Fourth Circuit has held that the specific form of monetary damages requested by the plaintiffs in this case, that is, reimbursement for tuition and related costs incurred by reason of a unilateral placement of the child in a private school, are not recoverable under the EHA. *Stemple v. Board of Education,* 623 F.2d 893 (4th Cir.1980), *cert. denied,* 450 U.S. 911, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981); *see also Foster v. District of Columbia Board of Education,* 523 F.Supp. 1142 (D.D.C.1981). The holdings in these cases are based on 20 U.S.C. § 1415(e)(3), which provides that:

"During the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child, or, if applying for initial admission to a public school, shall, with the consent of the parents or guardian, be placed in the public school program until all such proceedings have been completed."

According to the allegations of the plaintiffs' complaint, Christina was currently attending the special education program of the Greenwich public schools when the parents initiated the review procedures established by the State of Connecticut. These state or local due process review procedures are established in accordance with 20 U.S.C. § 1415(b) and are pending "proceedings" within the purview of § 1415(e)(3). *See Stemple v. Board of Education, supra.* The plaintiffs refused to submit to the status quo during the pendency of the review proceedings, and their actions were therefore taken at their own financial peril. Accordingly, the plaintiffs' claims for monetary damages pursuant to the EHA are dismissed.[3]

---

**2.** The plaintiff also argues that Section 504 of the Rehabilitation Act creates federal rights which can be enforced in a private action under § 1983. Section 504 has been held to create a private right of action for individuals, *see Kampmeier v. Nyguist,* 553 F.2d 296 (2d Cir. 1977), however, as discussed in Part III, *infra,* this Court finds that the right of action under Section 504 is limited to injunctive and declaratory relief. Because § 1983 authorizes remedial damages, it would be inconsistent to allow Section 504 rights to be asserted within the remedial framework of § 1983. *Accord, Ruth*

*Anne M. v. Alvin Independent School District,* 532 F.Supp. 460, 476 (S.D.Tex.1982).

**3.** The plaintiffs have not alleged facts to bring their claim for damages within the two "exceptional circumstances" recognized by courts as appropriate for a limited damage award under the EHA. The two recognized exceptional circumstances are: (1) where the child's physical health would have been endangered if the parents had not made alternative arrangements; and (2) where the defendants acted in bad faith by failing, in an egregious fashion, to comply with the procedural provisions of the EHA.

It is a much closer question whether monetary damages are recoverable under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Section 504, similar to the EHA, is a condition attached to the receipt of federal funding and provides:

"No otherwise qualified handicapped individual in the United States, as defined in section 7(7), shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service."

The Supreme Court has carefully declined to address the issue of whether Section 504 creates a private right of action, see Southeastern Community College v. Davis, 442 U.S. 397, 405 n. 5, 99 S.Ct. 2361, 2366 n. 5, 60 L.Ed.2d 980 (1979), however, the circuit courts have uniformly upheld the existence of such a right. See e.g., Kampmeier v. Nyguist, 553 F.2d 296 (2d Cir.1977); NAACP v. Medical Center, Inc., 599 F.2d 1247 (3d Cir.1979). The protections of Section 504 significantly overlap those afforded by the EHA, however, the cause of action recognized under Section 504 has not been characterized as appellate in nature. Tokarcik v. Forest Hills School District, 665 F.2d 443, 449 (3d Cir.1981).

The federal district courts have sharply disagreed over whether a right of action based on Section 504 includes a right to recover monetary damages. Compare Patton v. Dumpson, 498 F.Supp. 933 (S.D.N.Y. 1980) with Ruth Anne M. v. Alvin Independent School District, 532 F.Supp. 460 (S.D. Tex.1982).

This Court has previously held that monetary damages are not recoverable under the EHA. Loughran v. Flanders, 470 F.Supp. 110 (D.Conn.1979). In that case, the Court expressed its concern over the detrimental effects that would result if monetary damages were recoverable.

Anderson v. Thompson, 658 F.2d 1205, 1213–14 (7th Cir.1981). The facts which are alleged,

"The thrust of federal legislation in the field of special education has been to provide financial assistance to the states, in their effort to provide each one of their handicapped children with an appropriate education. Recognition of a private remedy for damages, as alleged in this instance, would compel these programs to shift their focus. Insulation of school officials from liability would take precedence over the implementation of innovative educational reforms. Recognition of the plaintiff's claim would cause special education programs to suffer, since administrators would balk at implementing new curricula and techniques for fear of exposing themselves to liability should these innovations fail." 470 F.Supp. at 115.

This Court concluded that a claim for monetary damages was essentially an allegation of "educational malpractice" and was contrary to the history and purpose of the EHA and its statutory predecessors. As discussed previously, the plaintiffs' specific claim for reimbursement of tuition and related expenses is expressly prohibited under the case law interpreting § 1415 of the EHA. It would be manifestly contrary to the comprehensive remedial statutory scheme of the EHA to allow such a recovery merely because the plaintiffs append a claim under Section 504 to their complaint. Accordingly, the plaintiffs' claims for monetary damages under Section 504 are dismissed.

IV. The Eleventh Amendment

Because the Court has concluded that there is no right of action to recover monetary damages presented in this case, there is no need to address the defendants' claim that recovery of such damages is barred by the Eleventh Amendment. The remainder of the plaintiffs' claims seek equitable relief under the EHA and Section 504. The Eleventh Amendment has been held not to bar prospective equitable relief and thus will not be a defense to the remainder of the

clearly indicate that neither of these exceptional circumstances are present.

plaintiffs' claims. *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

### Conclusion

The Court finds that the plaintiffs' pendent state law claims based on Conn.Gen. Stat. § 10–76a *et seq.,* were not brought within the time period authorized by the applicable statute of limitations and must be dismissed. The EHA and Section 504 will not support a right of action under the Civil Rights Act, 42 U.S.C. § 1983 and the plaintiffs' claims under § 1983 are accordingly dismissed. The EHA and Section 504 create a cause of action for prospective equitable relief only, and the plaintiffs' claims for monetary damages pursuant to those federal statutes are also dismissed. The plaintiffs' complaint does state a cause of action for prospective equitable relief and as to that portion of the plaintiff's complaint, the defendants' Motion to Dismiss is denied. SO ORDERED.