580 F.Supp. 562 (1984)
Terri Ann MIENER, et al., Plaintiffs,
v.
SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY, et al., Defendants.
No. 79-1050C(1).
United States District Court, E.D. Missouri, E.D.
February 13, 1984.
*563 Albert J. Haller and Steven L. Leonard, Clayton, Mo., for plaintiffs.
Burton M. Greenberg, London, Greenberg & Fleming, St. Louis, Mo., for defendants Special School District of St. Louis County, The Board of Education of the Special School District of St. Louis County, Allan G. Barclay, Gerald K. Braznell, and Gerald B. Hansen, Directors of the Special School District of St. Louis County.
M. Peter Fischer, J. Peter Schmitz, Mary Stake Hawker, Schmitz & Fischer, St. Louis, Mo., for Sp. Sch. Dist. St. Louis Co., Mo., Bd. Education Sp. Sch. Dist., St. Louis Co., Mo., Allan G. Barclay, Gerald K. Braznell & Gerald B. Hansen, Directors Sp. Sch. Dist. St. Louis Co., Mo.; Thomas E. Smith, Supt. Schools Sp. Sch. Dist. St. Louis Co., Mo.
William F. Arnet, Leslie Ann Schneider, Robert Presson, Asst. Attys. Gen., State of Missouri, Jefferson City, Mo., for State of Mo., Jos. Teasdale, Dept. Elementary & Secondary Education; Arthur L. Mallory; Dr. Leonard Hall; Dept. Mental Health State of Missouri; Norman Tice; Dr. Beverley Wilson; Mr. John Twiehaus; Dr. Milton Fujita.
Carl I. Katzen, St. Louis, Mo., for State of Mo. Dept. of Mental Health as to allegations Count IV only.
Leo M. Newman, Newman & Bronson, Simon Tonkin, Asst. Atty. Gen., State of Missouri, St. Louis, Mo., Philip R. Newmark, Clayton, Mo., Newman & Bronson, St. Louis, Mo., Ramon J. Morganstern, Michael J. McKitrick, Barbara Blee Maille, Clayton, Mo., for the State of Mo.

MEMORANDUM
NANGLE, District Judge.
This case is now before this Court on remand from the United States Court of Appeals for the Eighth Circuit, for the purpose of considering four (4) specific issues. See Miener v. State of Missouri, 673 F.2d 969 (8th Cir.1982). The parties have briefed these issues and they are now ripe for decision. In addition, plaintiffs move to file an amended complaint. Defendants oppose the motion and, in the alternative, make several arguments that will be viewed as motions to dismiss the original complaint.

I. BACKGROUND:
This Court will not repeat the facts of this case, which have already been stated once by this Court, see Miener v. State of Missouri, 498 F.Supp. 944 (E.D.Mo.1980), and the Court of Appeals, see Miener v. State of Missouri, 673 F.2d 969 (8th Cir. 1982). However, a brief overview is in order.
Plaintiff is a young girl who suffers from behavioral, emotional and learning handicaps. In 1979 she brought an action in this Court against several defendants. For the sake of simplicity, these included the so-called "State defendants", the Special School District of St. Louis County (hereinafter "SSD"), the Board of Education of the Special School District of St. Louis County, John M. Twiehaus, and Milton *564 Fujita. Twiehaus is or was the acting superintendent of the St. Louis State Hospital and Fujita is or was the Medical Director of the Youth Center at said hospital. Plaintiff's claims were based upon violations of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., (hereinafter the "Rehabilitation Act"), the Education for All Handicapped Children Act of 1975, 20 U.S.C. § 1401 et seq., (hereinafter the "EAHCA"), the equal protection clause of the fifth and fourteenth amendments, and 42 U.S.C. § 1983. Plaintiff also included a pendent state claim, against Twiehaus and Fujita only, for her personal injuries. The relief sought by plaintiff included declaratory and injunctive relief, as well as damages.
As a result of orders of this Court, portions of plaintiff's complaint were dismissed. On January 25, 1980, this Court held that: 1) there is a private right of action under the Rehabilitation Act, but only for injunctive or declaratory relief and not for damages; 2) there is no implied private right of action for damages under the EAHCA; and 3) plaintiff failed to state a cause of action under 42 U.S.C. § 1983. Miener v. State of Missouri, 498 F.Supp. 944 (E.D.Mo.1980). The § 1983 claim was dismissed because, at that time, a statutory violation (of the EAHCA or the Rehabilitation Act) was insufficient to support a claim under § 1983, and because plaintiff failed to allege the type of invidious discrimination which could give rise to a violation of the equal protection clause. Id. at 949. On September 19, 1980, this Court dismissed plaintiff's damage claim for a compensatory education as precluded by the eleventh amendment. Miener v. State of Missouri, 498 F.Supp. 949 (E.D.Mo. 1980). This Court also dismissed plaintiff's pendent state claim for damages. Id. at 951. A motion of defendant SSD for summary judgment was denied as moot. A motion of plaintiff to amend her complaint was denied.
On appeal the Eighth Circuit affirmed in part and reversed in part. Miener v. State of Missouri, 673 F.2d 969 (8th Cir.1982). The Court affirmed the dismissal of all damage claims against the so-called "State defendants". The Court affirmed the dismissal of the EAHCA damage claims, but reversed the dismissal of the Rehabilitation Act damage claims. Therefore, with respect to these two statutory claims, the Rehabilitation Act damage claims were reinstated as to defendants SSD, its Board of Education and officials, Twiehaus, and Fujita. The Court also suggested that this Court may consider reinstating plaintiff's pendent state claim against Twiehaus and Fujita.
More importantly, however, the Eighth Circuit reversed and remanded this Court's dismissal of the § 1983 cause of action to consider:
(1) the question whether [plaintiff] seeks damages, as opposed to injunctive relief, pursuant to § 1983; (2) the question whether, if [plaintiff] seeks monetary damages pursuant to § 1983, such damages are coextensive with those sought pursuant to the underlying statutes; (3) the question whether the exclusivity exception to the Thiboutot doctrine applies; (4) the question whether the rights guaranteed by the underlying statutes are "rights secured by the laws of the United States" within the meaning of § 1983.
Id. at 977. It is these questions which are now before this Court for decision.
The Eighth Circuit declined to decide whether this Court erred in denying plaintiff's motion to amend her complaint, and stated that "such refusal shall be considered as without prejudice to such future efforts to amend as may be appropriate on remand." 673 F.2d at 983. However, the Court also held: Plaintiff "may seek to amend her complaint to assert additional damages and to add Clyde Miener [plaintiff's father] as a party plaintiff, insofar as these amendments pertain to the causes of action and defendants who remain in the case. [Plaintiff] may otherwise be permitted to amend as justice may require." Id. at 983-84.
Plaintiff now moves to amend her complaint. However, defendants contend that *565 the amended complaint exceeds both the scope of the amendments suggested by the Eighth Circuit and the needs of justice. In addition, defendants Twiehaus and Fujita move to dismiss plaintiff's § 1983 claims against them on the ground that plaintiff fails to allege any personal involvement on the part of these two defendants so as to subject them to § 1983 liability. Twiehaus and Fujita also move to dismiss plaintiff's statutory claim under the Rehabilitation Act for the reason that plaintiff fails to allege the type of discrimination that is prohibited by that act. Finally, defendant SSD and its officials reassert contentions which they originally made in a motion for summary judgment filed in December of 1979. It was this motion which was denied by this Court as moot, following dismissal of plaintiff's claims. Essentially, the argument that defendant SSD reasserts is that it had no legal responsibility, under the EAHCA, for the education of plaintiff while she was at the St. Louis State Hospital.

II. SECTION 1983 QUESTIONS:
1. The first question which this Court must address is whether plaintiff seeks damages pursuant to § 1983. This question arises because plaintiff's original complaint was not clear as to the theoretical basis of each of her claims for relief. However, a liberal reading of plaintiff's complaint leads this Court to conclude that plaintiff does seek damages against the remaining defendants pursuant to § 1983. In ¶ 4 of the prayer of plaintiff's complaint, plaintiff seeks an award of $50,000.00 in damages against all named defendants for depriving plaintiff "of the equal protection of the laws, and depriving her of her civil and constitutional rights ...." Although this Court previously dismissed plaintiff's constitutional claims, which dismissal was not upset by the Eighth Circuit, plaintiff's use of the term "civil" in connection with "rights" implies that plaintiff seeks damages pursuant to § 1983. This Court rejects the argument of defendants Twiehaus and Fujita that the $50,000.00 prayer in ¶ 4 is limited to constitutional claims that have been dismissed. In addition, in ¶ 7 of the prayer of plaintiff's complaint, plaintiff seeks an award of $474,358.00 in damages against, inter alia, defendant SSD for "violation of Plaintiff's statutory and civil rights ...." Again, plaintiff's use of "civil rights" implies that she relies, in part, upon § 1983 as a basis for recovering the damages sought. Therefore, plaintiff seeks damages, as opposed to injunctive relief, pursuant to § 1983.
2. The second question that must be addressed is whether the damages sought by plaintiff under § 1983 are coextensive with those sought pursuant to the underlying statutes. This question also arises due to ambiguities in plaintiff's complaint. The Eighth Circuit stated: "This pleading does not make clear whether the damages requested for alleged statutory violations are coextensive with the damages sought pursuant to § 1983." Miener, 673 F.2d at 976. Plaintiff admits that because the Eighth Circuit held that damages are not recoverable under the EAHCA, any damages sought under § 1983 for violations of the EAHCA would not be coextensive with those sought under the EAHCA. Plaintiff also recognizes that punitive damages, tort damages and attorney's fees, all of which are recoverable under § 1983, may not be coextensive with the damages available for violations of the Rehabilitation Act. However, this Court agrees with the observation of defendant SSD that, because plaintiff does not seek punitive damages, tort damages or attorney's fees under the Rehabilitation Act, the damages which plaintiff seeks herein under § 1983 for violation of the Rehabilitation Act are coextensive with the damages available under the Rehabilitation Act. Therefore, there is no question of coextensiveness of damages with respect to the EAHCA, but the damages requested for alleged violations of the Rehabilitation Act are coextensive with the damages sought for violations of the same act pursuant to § 1983.
3. The third question which the Eighth Circuit directed this Court to consider is whether the exclusivity exception to the *566 doctrine of Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), applies here. Thiboutot held that the term "laws", as used in § 1983, includes federal statutes. Therefore, Thiboutot sanctioned the use of § 1983 to bring an action in federal court for violations of federal statutes under color of state law. However, subsequent decisions carved out two exceptions to the Thiboutot doctrine. As the Eighth Circuit stated:
A § 1983 cause of action does not lie (1) where Congress has foreclosed a § 1983 remedy through sufficiently comprehensive remedial devices in the underlying act, and (2) where the statute at issue does not create "rights, privileges, or immunities" within the meaning of § 1983. Middlesex County Sewerage Authority v. National Sea Clammers Association, 453 U.S. 1, 19 [101 S.Ct. 2615, 2625, 69 L.Ed.2d 435 (1981)] ...; Pennhurst State School & Hospital v. Halderman, 451 U.S. 1, 27-30 [101 S.Ct. 1531, 1544-1546, 67 L.Ed.2d 694 (1981)], ....
Miener, 673 F.2d at 976. The first of these two exceptions is the subject of this question. The second is the subject of the next question.
The so-called "exclusivity exception" to the Thiboutot doctrine was first suggested by Justice Powell in his dissenting opinion in Thiboutot. 448 U.S. at 22 n. 11, 100 S.Ct. at 2514 n. 11. (§ 1983 would not be available where the "governing statute provides an exclusive remedy for violations of its terms.") In Pennhurst, the Court declined to decide whether the express remedies contained in the Developmental Disabilities Assistance and Bill of Rights Act of 1975, 42 U.S.C. § 6000 et seq., were exclusive and precluded an action under § 1983, Pennhurst, 451 U.S. at 28, 101 S.Ct. at 1545, because the Court of Appeals had failed to pass on the question. However, in Middlesex the Court expressly adopted Justice Powell's exclusivity exception to the Thiboutot doctrine.
In Middlesex, the Court interpreted the express remedial provisions of the Federal Water Pollution Control Act (FWPCA), 33 U.S.C. § 1251 et seq., and the Marine Protection, Research, and Sanctuaries Act of 1972 (MPRSA), 33 U.S.C. § 1401 et seq., as precluding an action under § 1983 for violations of those acts. Middlesex, 453 U.S. at 19-21, 101 S.Ct. at 2625-2627. The Court discussed the remedial provisions of both acts in detail and, after holding that both acts foreclosed implied private actions, held that "the existence of these express remedies demonstrates ... that Congress ... intended to supplant any remedy that otherwise would be available under § 1983." Id. at 21, 101 S.Ct. at 2627 (citation omitted). The Court provided the following test for determining when the exclusivity exception applies:
When the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983.
Id. at 20, 101 S.Ct. at 2626.[1] The remedial devices provided in the FWPCA and the MPRSA, which the court described as "unusually elaborate enforcement provisions", id. at 13, 101 S.Ct. at 2623, included: 1) compliance orders and civil suits by the EPA Administrator, in which he could seek civil and criminal penalties; 2) actions by interested persons to obtain judicial review in the United States courts of appeals of actions by the EPA Administrator; and 3) private citizen suits, upon compliance with specified procedures, for injunctions to enforce the acts. See id. at 13-14, 101 S.Ct. at 2622-2623.
Applying these principles to the EAHCA first, it is the opinion of this Court *567 that the remedial devices in the act are sufficiently comprehensive to demonstrate congressional intent to preclude a suit under § 1983. This Court is cognizant of the fact that the overwhelming weight of authority is in accord with this opinion. Powell v. Defore, 699 F.2d 1078, 1082 (11th Cir.1983); McGovern v. Sullins, 676 F.2d 98, 99 (4th Cir.1982); Anderson v. Thompson, 658 F.2d 1205, 1214-17 (7th Cir.1981); Rollison v. Biggs, 567 F.Supp. 964, 970-71 (D.Del.1983); Max M. v. Thompson, 566 F.Supp. 1330, 1337-38 (N.D.Ill.1983); Smrcka By Smrcka v. Ambach, 555 F.Supp. 1227, 1235 (E.D.N.Y.1983); Flavin v. Connecticut State Bd. of Education, 553 F.Supp. 827, 831-32 (D.Conn.1982); Ryans v. New Jersey Commn. For The Blind, 542 F.Supp. 841, 847-48 (D.N.J. 1982); Noe v. Ambach, 542 F.Supp. 70, 73 (S.D.N.Y.1982); Turillo v. Tyson, 535 F.Supp. 577, 580-81 (D.R.I.1982); Ruth Anne M. v. Alvin Independent School District, 532 F.Supp. 460, 473-76 (S.D.Tex. 1982). The rationale for this conclusion was succinctly summarized by the Seventh Circuit in Anderson, as follows:
In sum, the availability of a private right of action under the EAHCA, the detailed statutory administrative and judicial scheme, the fact that Congress intended the EAHCA to create new rights, and the absence of a traditional damage remedy, together compel our conclusion that the judicial remedy provided in the EAHCA was intended to be exclusive.
658 F.2d at 1217. The inconsistency between the remedies provided by the EAHCA and those available under § 1983 is highlighted by the Eighth Circuit's holding in Miener that damages are not recoverable under EAHCA. Miener, 673 F.2d at 979-80.
In a footnote to the Miener opinion, the Eighth Circuit stated that an aspect of the exclusivity inquiry with respect to the EAHCA is "whether exhaustion of administrative remedies can save [plaintiff] from a ruling that the statutory remedies are exclusive." Miener, 673 F.2d at 977 n. 7. The Court cited Tatro v. Texas, 516 F.Supp. 968 (N.D.Tex.1981), in connection with this footnote. Tatro held that a § 1983 action could be maintained for violations of the EAHCA under color of state law, if the EAHCA administrative remedies are exhausted. This Court declines to follow Tatro for two reasons.
First, the Supreme Court recently made it very explicit that exhaustion of administrative remedies is not a prerequisite to an action under § 1983. Patsy v. Board of Regents, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Nothing in the Patsy opinion suggests that the rule confirmed therein is any less applicable to § 1983 actions brought under the Thiboutot doctrine. Therefore, this Court rejects the conditional rule announced in Tatro, which of course was a pre-Patsy decision.
The second, and more important, reason for not following Tatro is the fact that conditioning the availability of § 1983 for violations of the EAHCA on exhaustion of the EAHCA administrative remedies, does not dispose of the other reasons for holding that the express remedies in the EAHCA are exclusive and preclude a § 1983 action. For example, if this Court were to adopt an exception to the Patsy rule, in the situation where a federal statute is the basis of a § 1983 action, this Court would still be inclined to hold that violations of the EAHCA cannot form the basis of a § 1983 action. This is because the existence of an express private right of action under the EAHCA, see 20 U.S.C. § 1415(e)(2), the comprehensive nature of the administrative and judicial scheme provided in the EAHCA, and the inconsistency of the remedies available under the EAHCA and § 1983, taken together strongly demonstrate Congress' intent that § 1983 should not be available for violations of the EAHCA.
Unlike the EAHCA, only a few courts have answered the exclusivity question with respect to the Rehabilitation Act. Both Ruth Anne M. and Flavin held that the Rehabilitation Act's remedies are exclusive and that an action under § 1983 does not exist. However, the court in each case also held that there is an implied private *568 right of action under the act but that damages are not available in such an action. Flavin, 553 F.Supp. at 832-33; Ruth Anne M., 532 F.Supp. at 473. Flavin and Ruth Anne M. based their conclusion that the Rehabilitation Act is exclusive on the fact that the remedies available under § 1983, i.e., damages, punitive damages and attorney's fees, are inconsistent with those available under the Rehabilitation Act, i.e., injunctive relief only.
The other case that considered this question is Ryans. In Ryans the court held that § 1983 is available to vindicate violations of rights guaranteed by the Rehabilitation Act. Ryans, 542 F.Supp. at 848-49. However, like the Tatro court, the Ryans court conditioned the availability of a § 1983 action for the vindication of federal statutory rights on exhaustion of administrative remedies. Id. at 848. In addition, Ryans held that a private cause of action cannot be implied from the Rehabilitation Act. Id. at 844-46.
None of these cases is helpful in the case at bar. The Eighth Circuit in Miener held that there is an implied private right of action for violations of the Rehabilitation Act and that the relief available includes damages. Miener, 673 F.2d at 973-75, 977-79. Therefore, Ruth Anne M. and Flavin, both of which relied heavily on the unavailability of damages in a Rehabilitation Act private action and the resulting inconsistency with § 1983 remedies, are distinguishable. Miener also held that exhaustion of administrative remedies is not a prerequisite to a private action under the Rehabilitation Act. Miener, 673 F.2d at 978. Therefore, Ryans, which conditioned a § 1983 action on exhaustion of administrative remedies, is also distinguishable. Ryans is even more inapposite due to the fact that Ryans held that a private right of action cannot be implied from the Rehabilitation Act. Accordingly, these decisions are not controlling.
It is the opinion of this Court that, although the case for exclusivity is not quite as strong as it is in the case of the EAHCA, see Rollison v. Biggs, 567 F.Supp. 964, 971 n. 11 (D.Del.1983), a § 1983 action is not available for violations of the Rehabilitation Act. The existence of a damage remedy in a private Rehabilitation Act action renders § 1983 remedies less inconsistent with the act's remedies, but this does not necessarily negate the possibility of such inconsistency. Plaintiff admits in her brief that "whatever damages may be available under the Rehabilitation Act, they may not be coextensive with those of § 1983." Plaintiff's Brief In Response To The Order Of This Court, August 9, 1983 at 3. It is possible that punitive damages, tort damages, and attorney's fees may not be recoverable under a Rehabilitation Act action to the extent that they are under § 1983. Any such restriction would, like the private action itself, be implied from Congress' intent as expressed in the act. This possibility of inconsistency is but one reason for this Court's conclusion that the relief available under the Rehabilitation Act, whether express or implied, is exclusive and precludes a § 1983 action.
Another, and more important, reason for this conclusion is the existence of a private right of action. In Thiboutot the Court was faced with a federal statute, the Social Security Act, which did not provide for a private right of action, either expressly or impliedly. Thiboutot, 448 U.S. at 6, 100 S.Ct. at 2505 (citing Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Because an implied cause of action to enforce the terms of the Rehabilitation Act has been recognized, Thiboutot is distinguishable and there is little need to recognize the availability of a § 1983 action. See Doe v. Koger, 710 F.2d 1209, 1212 (7th Cir.1983). In Thiboutot, neither the administrative nor the judicial remedies were adequate to enforce the rights created by the act. Here, plaintiff has not set out any argument indicating that private action under the Rehabilitation Act is inadequate to enforce its provisions. Therefore, the Rehabilitation Act is not enforceable by a § 1983 action.
4. The fourth and final question that this Court must consider with respect to *569 plaintiff's § 1983 claims is whether the rights created by the EAHCA and the Rehabilitation Act are "rights secured by the laws of the United States" within the meaning of 42 U.S.C. § 1983. This second exception to the Thiboutot doctrine was first suggested in Pennhurst, 451 U.S. at 28, 101 S.Ct. at 1545, and then expressly recognized in Middlesex, 453 U.S. at 19, 101 S.Ct. at 2625. However, because the Middlesex court found that the remedies provided by the statute therein were comprehensive enough to preclude a § 1983 action, the Court found it unnecessary to reach the "rights" question.
Assuming that a § 1983 action can be brought for violations of either the EAHCA or the Rehabilitation Act, there is little doubt that both statutes create substantive "rights" within the meaning of § 1983. Defendants' arguments to the contrary are essentially that both statutes create individualized rights rather than rights of general applicability and that because both statutes apply only to recipients of certain federal funds the rights created therein are merely conditions on the receipt of federal funds.
Defendants' first argument must be rejected as without merit because this Court does not believe that "rights," as that term is used in § 1983, is limited to rights that are generally applicable to all persons. Defendants point out that § 1983 has traditionally been used to enforce constitutional rights, which are generally applicable to all persons. Defendants argue that the EAHCA and the Rehabilitation Act do not create § 1983 rights, because the prohibitions of those statutes apply only to recipients of federal funds and the protections of those statutes apply only to handicapped persons. Assuming that the premises of defendants' argument are true, it does not follow that § 1983 rights are so limited. The rights created by the EAHCA and the Rehabilitation Act are no less "rights secured by the laws of the United States," than the rights created by the Constitution. Moreover, to accept defendants' argument would be to render the Thiboutot doctrine meaningless, because many rights created by federal statutes are not applicable to all persons generally. The fact that § 1983 has traditionally been used to enforce generally applicable, constitutional rights, is explained by the fact that the availability of § 1983 to enforce federal statutory rights was not settled until Thiboutot.
Defendants' second argument, that these two statutes are merely conditions on the receipt of federal funds and therefore do not create substantive rights which are enforceable in a § 1983 action, also must be rejected. With respect to the Rehabilitation Act first, the fact that there is a private right of action to enforce its provisions and that damages are available, eliminates any doubt that the Rehabilitation Act creates substantive rights that can be enforced by § 1983.
Footnote 4 of the Eighth Circuit's Miener opinion is a further reason to reject defendants' argument. In footnote 4, the Court rejected the argument that Pennhurst, "in which the Supreme Court held that a statute enacted pursuant to the Spending Power alone did not create substantive rights for disabled persons because new legal duties were not declared through clearly imposed conditions rather than mere precatory language," was applicable to the Rehabilitation Act. Miener, 673 F.2d at 974 n. 4. In addition, the Eighth Circuit, in dicta, stated that the Rehabilitation Act "at least arguably rests not on Congress's Spending Power but on Congress's power to secure the guarantees of the fourteenth amendment." Id. Therefore, it is the opinion of this Court that the Rehabilitation Act's prohibitions are more than mere conditions on the receipt of federal fundsthey are substantive rights of the type which may be enforced by § 1983.
With respect to the EAHCA, this Court is persuaded by the decisions of two district courts which have rejected the contention that the EAHCA does not create substantive rights. See John A. By And Through Valerie A. v. Gill, 565 F.Supp. *570 372, 377-80 (N.D.Ill.1983); Ryans v. New Jersey Commn. For The Blind, 542 F.Supp. 841, 847 (D.N.J.1982). Moreover, the fact that the EAHCA expressly authorizes a private action, 20 U.S.C. § 1415(e)(2), is further justification for rejecting defendants' contention that the EAHCA does not create § 1983 "rights".

III. PLAINTIFF'S MOTION TO AMEND HER COMPLAINT:
Plaintiff seeks to file an amended complaint. In support thereof, plaintiff states that her amended complaint "does not significantly alter the status of pleadings as they presently stand after the ruling of the Eighth Circuit." However, it is the opinion of this Court that plaintiff's amended complaint does significantly alter the status of the pleadings as they stand after the Miener decision by the Eighth Circuit. Therefore, plaintiff's motion must be denied.
Plaintiff's original complaint consists of four claims for relief: 1) deprivation of plaintiff's right to a full educational opportunity; 2) denial of equal access to publicly supported education; 3) denial of equal access to treatment; and 4) a pendent state claim for personal injuries. Plaintiff's first claim is based on the EAHCA and constitutional grounds. The second claim rests on constitutional grounds alone. Her third claim rests on the EAHCA, constitutional provisions and the Rehabilitation Act. Plaintiff's fourth claim rests on Missouri tort law. Plaintiff's prayer for relief, as discussed supra, consists of a request for the cost of a prospective remedial education due to the denial of a full opportunity to education, ¶ 3; $50,000.00 in damages against all defendants for injuries to plaintiff due to the deprivation of her "civil and constitutional rights", ¶ 4; $474,358.00 in damages against the state defendants and the SSD for violating plaintiff's statutory and constitutional rights, ¶ 7; and $15,000.00 in damages against Twiehaus and Fujita only for plaintiff's personal injuries, ¶ 8.
Plaintiff's amended complaint consists of two claims for relief: 1) deprivation of plaintiff's right to a full educational opportunity (¶'s 12-25); and 2) denial of access to publicly supported education (¶'s 26-32). There is no direct allegation against defendants Twiehaus and Fujita in the first claim for relief. The statutory basis of the first claim for relief is vague but ¶ 23 does charge defendant SSD with failing to provide plaintiff an "appropriate education." This reference to "appropriate education" suggests that plaintiff relies on a violation of the EAHCA. However, plaintiff concludes ¶ 23 with the allegation that SSD is guilty of "discrimination against [plaintiff] by reason of her handicap." See also ¶ 25 (failure to provide plaintiff with appropriate education "due to Defendants' discrimination against her on the basis of her handicaps."). This reference to "discrimination" implicates the Rehabilitation Act.
The second claim for relief contains allegations against defendants SSD, Twiehaus, and Fujita. ¶ 27 alleges that Twiehaus and Fujita were in a position of supervision and control over the programs of the St. Louis State Hospital. ¶ 29 alleges that defendants discriminatorily refused to allow plaintiff to participate in their programs and ¶ 30 alleges that such refusal denied plaintiff her rights under the fifth and fourteenth amendments to the Constitution and her statutory rights. ¶ 32 alleges that defendants Twiehaus and Fujita had personal knowledge of plaintiff's physical abuse and denial of rights and intentionally refused to prevent said injuries. Plaintiff's amended complaint does not purport to state a pendent claim for personal injuries.
Plaintiff's prayer for relief differs considerably from her original complaint in that she seeks: 1) $1,000,000.00 in damages for plaintiff's physical injuries due to the deprivation of her civil and constitutional rights (¶ 3); 2) $250,000.00 in damages for violation of plaintiff's statutory and civil rights in denying plaintiff a full and adequate education (¶ 4); and 3) $400,000.00 reimbursement for the costs of plaintiff's education that should have been provided by defendant SSD (¶ 5). In addition, plaintiff seeks the cost of a prospective remedial *571 education due to the denial of a full opportunity to education (¶ 1). Finally, plaintiff's amended complaint adds her father, Clyde Miener, as a party.
It is the conclusion of this Court that plaintiff's motion to file her amended complaint must be denied. Plaintiff's amended complaint purports to assert several claims which have previously been held to be unavailable. For example, plaintiff purports to rely in part on § 1983 as a jurisdictional basis for her claims. This Court holds herein that § 1983 is not available to vindicate violations of the EAHCA or the Rehabilitation Act. Plaintiff also includes constitutional claims in her amended complaint, even though this Court previously dismissed the constitutional claims in plaintiff's original complaint. Moreover, plaintiff's amended complaint can be interpreted as charging defendants with violations of the EAHCA and as seeking damages for said violations. However, after the Eighth Circuit's Miener opinion it is clear that damages are not available to remedy violations of the EAHCA. Because plaintiff's amended complaint seeks to assert claims and causes of action which are unavailable, her motion must be denied.
Plaintiff's motion to file an amended complaint be and is denied. The only viable claim remaining in this case is plaintiff's claim for damages under the Rehabilitation Act. However, plaintiff is granted leave to file an amended complaint which asserts additional damages under the Rehabilitation Act only and which adds Clyde Miener as a party plaintiff. Said amended complaint may also revive plaintiff's pendent state law claim for personal injuries.[2]

IV. DEFENDANTS' MOTIONS:
Defendants raise three contentions which this Court interprets as motions to dismiss. First, defendants Twiehaus and Fujita contend that plaintiff fails to state a claim for relief under § 1983 because she fails to allege any type of personal participation by either defendant. This contention is moot because this Court previously dismissed plaintiff's § 1983 claims and this Court's opinion herein does not alter that result.
Second, defendant SSD argues that because plaintiff was voluntarily placed in the St. Louis State Hospital, under the jurisdiction of the Department of Mental Health of the State of Missouri, SSD had no legal obligation to provide educational services to plaintiff under the EAHCA or state law. This ground does not defeat the sufficiency of plaintiff's Rehabilitation Act claim. Moreover, the Eighth Circuit stated that plaintiff's "complaint gave adequate notice to defendants that they were charged with discriminatory denial of equal access to educational facilities, in violation of § 504." Miener, 673 F.2d at 979. Defendant SSD's contention is rejected, but this does not preclude SSD from moving for summary judgment on the merits of the Rehabilitation Act claim at a later date. See Yaris v. Special School District of St. Louis County, 558 F.Supp. 545, 561 n. 11 (E.D.Mo.1983).
Finally, defendants Twiehaus and Fujita move to dismiss the Rehabilitation Act claim on the ground that plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Essentially, defendants argue that plaintiff does not allege, as they argue she must, that she has been discriminated against when compared to a non-handicapped individual.
Without deciding whether this is the only type of discrimination which can form the basis of a § 504 recovery, this Court must deny defendants' motion. The Eighth Circuit, as discussed supra, has already found that plaintiff's complaint put defendants on notice that they are charged with violations of the Rehabilitation Act. Accordingly, it does not appear "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, *572 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, this ruling does not foreclose defendants from moving for summary judgment at a later date on the merits of defendants' argument.

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that plaintiff's motion to file an amended complaint be and is denied.
IT IS FURTHER ORDERED that plaintiff be and is granted leave to file an amended complaint which asserts additional damages under the Rehabilitation Act only and which adds Clyde Miener as a party plaintiff. Said amended complaint may also revive plaintiff's pendent state claim for personal injuries.
IT IS FURTHER ORDERED that defendants' motions to dismiss plaintiff's complaint be and are denied.
NOTES
[1] Plaintiff argues in her brief that there must be explicit indications of Congress' intent to preclude a § 1983 action in order to so find. It is the opinion of this Court that plaintiff's contention is not supported by the Supreme Court's teachings in this area. As the quoted passage suggests, congressional intent to preclude § 1983 as an available remedy for violations of a federal statute must be inferred from the comprehensiveness of the remedial scheme provided by Congress in a particular statute.
[2] Plaintiff may also wish to increase her prayer on the pendent state claim. However, defendants are free to object to any such increase or to question the propriety of exercising pendent jurisdiction over the state law claim.