**GEORGIA ASSOCIATION OF RETARD-
ED CITIZENS, et al., Plaintiffs-Appel-
lees, Cross-Appellants,**

v.

**Dr. Charles McDANIEL, etc., et al., De-
fendants-Appellants, Cross-Appellees.**

No. 81–7485.

United States Court of Appeals,
Eleventh Circuit.

Sept. 4, 1984.

Alfred L. Evans, Jr., Sr. Asst. Atty. Gen.,
Atlanta, Ga., for defendants-appellants,
cross-appellees.

Fisher & Phillips, Griffin B. Bell, Jr.,
Ruth W. Woodling, Atlanta, Ga., for Savan-
nah Chatham Bd. of Ed.

Mark Cross, Dept. of Justice, Appellate
Section, Civil Rights Div., Washington,
D.C., amicus curiae.

Jonathan A. Zimring, Atlanta, Ga., Rose
Firestein, Ga. Legal Service Program, Sa-
vannah, Ga., for plaintiffs-appellees, cross-
appellants.

ON REMAND FROM THE SUPREME
COURT OF THE UNITED STATES

Before HILL and VANCE, Circuit
Judges, and TUTTLE, Senior Circuit
Judge.

PER CURIAM:

In our previous opinion in this case, re-
ported at 716 F.2d 1565, we affirmed the
judgment of the trial court granting an
injunction against the defendants' continu-
ing policy of not considering or providing
more than 180 days of education for pro-
foundly mentally retarded children. In our
opinion we expressly based our affirmance
on our consideration of the Education for
the Handicapped Children Act, 20 U.S.C.
§ 1401 et seq. ("EHA") and also on our
consideration of § 504 of the Rehabilitation
Act of 1973, 29 U.S.C. § 794.

By order entered July 5, 1984 the Su-
preme Court granted certiorari and vacated
our judgment and remanded the case "for
further consideration in light of *Smith v.
Robinson*, 468 U.S. [——], 104 S.Ct. 3457
[82 L.Ed.2d 746] (1984)." *McDaniel v.
Georgia Association of Retarded Citizens*,
—— U.S. ——, 104 S.Ct. 3581, 82 L.Ed.2d
880.

The Court's decision in *Robinson* re-
quires that we modify our previous opinion.
In *Robinson* the Court held that a plaintiff
who asserted a valid claim under the EHA
could not also proceed under the Rehabili-
tation Act and that recovery could not be
had for attorney's fees under either Act.

Although this issue of attorney's fees was not present in our case, we did expressly state that recovery could be had under the Rehabilitation Act. This is now incorrect.

We therefore modify our previous opinion by making the following deletions: (1) delete the words "and § 504 of the Rehabilitation Act of 1973" from the last sentence of the first paragraph of the opinion; (2) delete all of part VI B of the opinion.

We also strike the final paragraph of our previous judgment and substitute in lieu thereof the following:

The judgment of the district court is AFFIRMED to the extent that it granted relief to plaintiffs under the Education for Handicapped Children's Act.

Its holding that plaintiffs were entitled to relief under the Rehabilitation Act is REVERSED.

Except for these changes, the previous opinion is adopted and made the judgment of the Court.

JAMES C. HILL, Circuit Judge, dissenting:

I dissent for the reasons set forth in my dissent to the original panel opinion. *Georgia Association of Retarded Citizens v. McDaniel*, 716 F.2d 1565, 1581 (11th Cir. 1983).