John SILANO, et al., Plaintiffs,

v.

Gerald N. TIROZZI, et al., Defendants.

Civ. No. B–83–521 (WWE).

United States District Court,
D. Connecticut.

Jan. 5, 1987.

Anne S. Finnie, Laurence V. Parnoff, P.C., Bridgeport, Conn., for plaintiffs.

John R. Whelan, Asst. Atty. Gen., Hartford, Conn., Ruth C. Brufsky, Marsha Belman Moses, Ronai, Berchem & Moses, Milford, Conn., for defendants.

### MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR RECONSIDERATION

EGINTON, District Judge.

The present action is an appeal from the decision of an independent hearing officer in a special education case, whereby the plaintiffs seeks prospective relief, tuition reimbursement, $10,000,000 in damages, and attorney's fees. Plaintiffs brought this lawsuit under the Education for All Handicapped Children's Act of 1975, 20 U.S.C. Section 1401 *et seq.*, as amended (now the Education for the Handicapped Act (EHA), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794 (Section 504), and the Civil Rights Act, 42 U.S.C. Section 1983. John Silano sued *inter alia*, to enforce his right to a free appropriate education. 20 U.S.C. Section 1412(2)(B); 34 C.F.R. Sections 300.121, 300.300, 104.33. Jurisdiction was claimed, pursuant to 20 U.S.C. Sections 1415(e)(2) and (4), and by 28 U.S.C. Section 1331.

In October, 1983, the state defendants moved, pursuant to Fed.R.Civ.P. Rule 12(b)(6), for dismissal of those parts of the complaint containing a claim under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, for damages based on a common law charge of educational malpractice or for other damages against the state defendants, insofar as the complaint attempts to state a cause of action against the state defendants in either their official or individual capacities, and for costs and attorney's fees. In March 1984, the re-

maining defendants filed a parallel motion, including dismissal of any claims under 42 U.S.C. Section 1983.

In margin rulings dated October 2, 1984 Magistrate Thomas P. Smith recommended that the Motions to Dismiss be denied. On June 2, 1986 this Court, over objection, margin endorsed the Magistrate's recommendations. The defendants now ask the Court to reconsider its affirmation of the two decisions, on the grounds that the rulings are inconsistent with this Court's recent ruling in the case of *Dubois v. Connecticut State Board of Education*, No. B–81–155 (WWE), slip op. at 3–4 (D.Conn. Feb. 21, 1985) [Available on WESTLAW, DCT datacase].

The Court GRANTS the defendants' Motions to Reconsider. Upon reconsideration, the magistrate's rulings denying defendants' motions to dismiss are adopted in part and reversed in part.

## FACTS

The allegations of the complaint are as follows: Plaintiff John Silano is a multi-handicapped child with a concurrent history of an emotional problem affecting his ability to learn, which is secondary to grand mal epilepsy. He requires a highly structured but flexible school program, one-to-one or small group instruction combined with intensive behavior management.

Between December 1979 and December 1982, John attended a special education program under the auspices of the defendants, the State of Connecticut and the Trumbull Board of Education (Trumbull). The complaint further alleges that during that period John received virtually no benefit from the program purportedly designed for him. In fact, his functioning level deteriorated. Upon entry into the program, John was evaluated by Trumbull to be one year below age level; two years later, in December 1982, Trumbull assessed him to be three years and four months below age level. The few academic skills reported by Trumbull to have been mastered in March and June of 1982 could not be reproduced in November of that year, when he was tested by Dr. Prevey, a neuropsychologist.

Dr. Prevey's findings confirmed a June 1982 study of John conducted by the Child Study Center of Yale University (Yale), which had recommended to Trumbull that John attend either the Foundation School or the Area Cooperative Educational Services (ACES) to receive one-to-one instruction with a continuous behavior modification component.

The complaint asserts that John's mother invoked the administrative procedures mandated by the EHA, because Trumbull refused to revise their program to respond to John's needs. It also alleged that the defendants acted outside the scope of their authority by failing, *inter alia*, to provide John with suitable services, by concealing from his parents through false reports John's true progress and that his educational programs were ineffective, and by conspiring among themselves and with the hearing officer to keep John in the local placement. John was unilaterally enrolled in the Foundation School program in December, 1982, under a regimen of intensive individual instruction and continuous behavior modification as recommended both by Dr. Prevey and Yale. The hearing officer, Sonia Stoloff, found that John had made substantial and significant progress at the Foundation School, that its program was appropriate and that Trumbull's program was inappropriate. Trumbull was ordered to reimburse John's mother for costs incurred by the placement.

Trumbull then proposed a program for John for the 1983–84 school year modeled upon the Foundation School's program. The hearing officer found the proposed program to be appropriate for John and that Trumbull could provide an appropriate summer program. By the time this decision was rendered, however, John was already participating in the more intensive Foundation School summer program.

The plaintiffs instituted this suit to obtain preliminary and permanent injunctions requiring the defendants to pay reasonable costs of tuition and transportation for John's attendance at the Foundation School summer program of 1983, and thereafter to

require the defendants to provide John with an education at the Foundation School. In the alternative, they requested declaratory and injunctive relief requiring the defendants to maintain John in his current placement at the Foundation School during the pendency of this appeal. In addition, they requested damages of $10,000,000 and an award of attorney's fees and costs incurred by the exhaustion of EHA administrative remedies and this appeal.

In this motion for reconsideration, the defendants have asked the court to dismiss all of the plaintiff's causes of action and claims for relief other than their cause of action under the EHA and their claim for prospective relief or reimbursement under that Act. With respect to the remaining cause of action and claim, the defendants have also asked that the action be dismissed against those defendants who have been named in their individual capacity.

## DISCUSSION

In passing on a motion to dismiss, the court must accept as true all well pleaded allegations in the complaint and must construe the allegations of the complaint in a light most favorable to the pleader. The count should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969); *Williams v. Vincent,* 508 F.2d 541, 543 (2d Cir.1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

### A. Handicapped Children's Protection Act of 1986

The issue before the court is whether plaintiffs are entitled to relief under Sections 1983 of Title 42, U.S.C. and 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794 (1978). By previous order, in reliance on *Smith v. Robinson,* 468 U.S. 992,

104 S.Ct. 3457, 3470–74, 82 L.Ed.2d 746 (1984), this court found that the EHA, 20 U.S.C. Section 1400 *et seq.,* was the exclusive avenue through which a handicapped child could assert his right to a free appropriate education; plaintiff's claims under Section 504 of the Rehabilitation Act and the equal protection clause of the fourteenth amendment were therefore precluded. *Dubois v. Conn. State Board of Education,* No. B–81–155 (WWE), slip op. at 3–4 (D.Conn. Feb. 21, 1985). Since that ruling was issued the Congress has enacted the Handicapped Children's Protection Act of 1986, Pub.L. No. 99–372, 100 Stat. 796, effective August 5, 1986. Section 3 of the Act, amending 20 U.S.C. 1415, provides as follows:

(f) Nothing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, title V of the Rehabilitation Act of 1973, or other Federal statutes protecting the rights of handicapped children and youth, except that before the filing of a civil action under such laws seeking relief that is also available under this part, the procedures under subsections (b)(2) and (c) shall be exhausted to the same extent as would be required had the action been brought under this part.

It appears that Congress now intends to provide that the EHA is not an exclusive remedy, overruling *Smith.* The question then becomes whether or not this remedial legislation should be given retroactive application.

On direct review "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. Richmond School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). All three exceptions operate here. The plain language of the statute fails to indicate that the provision at issue in this case, Section 3, is to be given retroactive effect. It is significant that while Section 2 of the Act (provi-

sion for award of attorney's fees to prevailing party) explicitly provides for retroactive application, Congress has not included a parallel provision under Section 3, despite the fact that the two sections were considered together by the legislature. Heeding the phrase, *expressio unius est exclusio alterius,* the inclusion of a retroactivity provision governing Section 2 and the omission of such a provision governing Section 3 indicate that Congress did not intend to give retroactive effect to Section 3. *See, e.g., Pennhurst State School and Hospital v. Halderman,* 451 U.S. 1, 24, 101 S.Ct. 1531, 1543, 67 L.Ed.2d 694 (1981) (Court concluded that provision of conditions with respect to certain sections of an act indicated that such conditions are non-applicable to other sections of the act); *National Wildlife Federation v. Marsh,* 747 F.2d 616 (11th Cir.1984) (inference of prospective only application drawn by Court supported by comparison of statutory provisions).

Moreover, the legislative history supports the denial of retroactivity with respect to Section 3. The House bill initially contained a provision specifying that both Section 2 and Section 3 be given retroactive application. The Senate version, which made no provision for retroactivity in regard to Section 3, was ultimately adopted. Furthermore, certain statements made by members of the conference committee upon presentation of the conference report to the Senate indicate the Congress intended to make only Section 2 retroactive. 132 Cong. Rec. S 9277 (1986). *See also United States v. Security Industrial Bank,* 459 U.S. 70, 79, 103 S.Ct. 407, 412, 74 L.Ed.2d 235 1982).

In addition, the facts in this case meet the criteria identified in *Bradley* to assess "manifest injustice" which include: "(a) the nature and identity of the parties, (b) the nature of their rights, and (c) the nature of the impact of the change in law upon those rights." *Bradley,* 416 U.S. at 717, 94 S.Ct. at 2018. Here, the suit is not between private parties, and Trumbull had the right, grounded on the prior version of the law, to rely on restricted liability. In addition, the provision at issue affects the potential liability of the defendants who might be exposed to claims for compensatory damages if the plaintiff's causes of action are restored.

Moreover, with respect to the third *Bradley* criterion, the Supreme Court has held that retroactivity is inapplicable to a statute which changes requirements for federal grants, as would be the case here. The Court explained the distinction by noting that federal grant programs are in the nature of a contract, whereby the federal government exchanges funds for the recipient's assurances that it will abide by certain conditions. *Bennett v. New Jersey,* 470 U.S. 632, 105 S.Ct. 1555, 84 L.Ed.2d 572 (1985). As a rule of statutory construction, therefore, conditions upon the receipt of federal funds may not be read into a statute unless Congress has stated the conditions so clearly that the recipient is able to make an informed choice concerning continued participation in the grant program. *See Pennhurst,* 451 U.S. at 24–25, 101 S.Ct. at 1543–44. The EHA, like the statute involved in *Pennhurst,* is a funding statute enacted pursuant to Congress' spending powers. Under that statute, Trumbull has the right to avoid obligations of the Act by foregoing federal aid. 20 U.S.C. Section 1414. Trumbull was not exposed to liability at the time the acts complained of occurred, nor on the date the current action was initiated. Therefore, the presumption against retroactive application of any statute affecting federal grants should be applied on these grounds as well, because the local educational agency was not in a position to know about additional liability, when it agreed to participate in the federal grants program.

The Second Circuit has found that *Bradley* creates at most a presumption in favor of retroactive application of new statutes to judgments pending on direct review, and has limited the application of newly enacted legislation on pending cases, on the grounds, *inter alia,* that the new statutory provision, if anticipated, might have caused the defendant to alter its course of conduct. *Litton v. American Telephone &*

*Telegraph Co.*, 746 F.2d 168, 174, 176 (2d Cir.1984).

■ The plaintiff may not look to retroactive application of Section 3 of the Handicapped Children's Protection Act, but must instead rely on the prior law as outlined below.

**B. Sections 504 and 1983**

■ Accordingly, the issue remains whether plaintiffs are entitled to relief under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794 (1978). Section 504 creates an implied private right of action under the proper circumstances. *See Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 630, 104 S.Ct. 1248, 1252, 79 L.Ed.2d 568 (1984). Where plaintiffs have requested simultaneous relief under both Section 504 and the EHA, however, as here, only EHA relief is available. *Dubois*, No B–81–155 (WWE), slip op. at 2 (*quoting Smith*, 104 S.Ct. at 3473).

■ Damages are equally unavailable under the Civil Rights Act, 42 U.S.C. Section 1983. Section 1983 relief was not formerly available where a governing statute provided an exclusive remedy for violation of its terms. *Pennhurst*, 451 U.S. at 28, 101 S.Ct. at 1545. The governing statute, heretofore, provided an exclusive remedy in this situation. *Smith*, 104 S.Ct. at 3473; *Anderson v. Thompson*, 658 F.2d 1205, 1215 (7th Cir.1981); *Flavin v. Conn. State Board of Education*, 553 F.Supp. 827, 831–32 (D.Conn.1982). Since plaintiffs had a remedy under the EHA, they were not dependent on a Section 1983 action for relief.

The motion to dismiss under Sections 504 and 1983 is accordingly GRANTED, since plaintiffs could look only to the EHA for relief prior to the passage of Section 3 of the Handicapped Children's Protection Act of 1986, which this court finds does not have retroactive application under the facts of this case.

**C. Damages**

■ Any other damage relief is also prospective as discussed previously. These parties must look to prior rulings, as indicated below, to determine if damages are appropriate. The court can find no Second Circuit Court of Appeals decisions dealing with a common law cause of action for educational malpractice. In this district Judge Clarie has twice held that monetary damages are not recoverable under the EHA, and noted that a claim for monetary damages is essentially an allegation of educational malpractice, contrary to the history and purpose of the EHA. *Flavin v. Connecticut State Board of Education*, 553 F.Supp. 827 (1982); *Loughran v. Flanders*, 470 F.Supp. 110 (D.Conn.1979). To the extent that the plaintiffs here have attempted to state a common law cause of action for educational malpractice, this court agrees that the claim should have been dismissed as contrary to public policy.

Damages were rarely available under the EHA in the past, since it contains no damage provision. The plaintiff was normally limited to the prospective relief or reimbursement allowable under the EHA. Several references in the statute and the legislative history indicated that the lack of a damage provision was due to Congressional sensitivity to the financial burden faced by the States because of the responsibility for providing education for handicapped children. A damage award would have been inconsistent with the prior intent of Congress since it might have deterred participation by state recipients due to potential liability. On the other hand, the Supreme Court observed, without expressing an opinion on the merits, that general agreement exists among courts that damages may be available under the EHA, under exceptional circumstances. *Smith*, 104 S.Ct. at 3473 n. 24; *Flavin*, 553 F.Supp. at 832.

Although the Court of Appeals for the Second Circuit has yet to rule on whether monetary damages are recoverable under the EHA, the weight of authority in this district and in other circuits has been that

limited monetary damages are allowed under two exceptional circumstances. These are (1) where the child's physical health would have been endangered if the parents had not made alternative arrangements; and (2) where defendants acted in bad faith by failing, in an egregious fashion, to comply with the procedural provisions of the EHA. *See, e.g., Doe v. Anrig,* 692 F.2d 800, 811 (1st Cir.1982); *Anderson,* 658 F.2d at 1214; *Flavin,* 553 F.Supp. at 382 n. 3. If exceptional circumstances are then proven, parents may be reimbursed for the costs of obtaining those services which the school district should have provided. The court wishes to underscore the difference between tort damages and damages representing reimbursement. Reimbursement may be an appropriate statutory remedy in a proper case, but in the past it was the only appropriate money damages to which the parents were entitled. In no event were tort liability damages contemplated under the statute. In the court's view, Section 615(e)(2) previously was intended in most cases to provide only injunctive relief as an additional procedural safeguard to ensure an appropriate educational placement for a handicapped child. *Anderson,* 658 F.2d at 1210, 1213 and n. 12. *See also, e.g., Burlington v. Department of Education,* 471 U.S. 359, 105 S.Ct. 1996, 2003, 85 L.Ed.2d 385 (1985); *Miener v. State of Missouri,* 673 F.2d 969, 979–80 (8th Cir.), *cert. denied,* 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982).

■ In the instant case, bad faith, one of the exceptional circumstances discussed above, has been alleged. It is a general proposition, that where issues of motive, intent and subjective feelings are involved, the plaintiff should be permitted to put on his case, so that the trier of fact can make a judgment as to the credibility of the witnesses. *See, e.g., Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 176, 90 S.Ct. 1598, 1618, 26 L.Ed.2d 142 (1970). Plaintiff has pleaded bad faith, and because all reasonable inferences must be drawn against the moving party, *Schwabenbauer v. Board of Education,* 667 F.2d 305, 314 (2d Cir.1981), the court declines to grant defendants' motion to dismiss with respect to an award of limited damages under the EHA, even under the prior case law. Motion DENIED.

### D. Defendants in Individual Capacities

■ In order to state a cause of action against a state officer in his or her individual capacity, it is not enough for the plaintiff to simply plead that the state officer was in error or acted unlawfully. The fact that a state officer may have made a mistake of fact or law is not enough. "Since no cause of action to charge a public officer personally arises unless he is acting beyond the scope of official duty, a pleader seeking to state a cause of action against such an officer must allege that he has transcended his authority." *Cooper v. O'Connor,* 107 F.2d 207, 210 (C.A.D.C.), *cert. denied,* 308 U.S. 615, 60 S.Ct. 263, 84 L.Ed. 514 (1939). As the plaintiffs have alleged that the state and local defendants acted beyond the scope of their authority in both their official and individual capacities, a cause of action exists, and the motion to dismiss with respect to this count is DENIED.

### E. Attorney's Fees

■ Section 2 of the Handicapped Children's Protection Act of 1986 provides that attorney's fees and related costs are available to the prevailing party in a special education case. Handicapped Children's Protection Act of 1986, Pub.L. No. 99–372, 100 Stat. 796 (1986). Section 5 of that Act expressly provides for the retroactive application of Section 2. Accordingly, the motion to dismiss with respect to attorney's fees is DENIED.

### SUMMARY

Upon reconsideration, the Magistrate's Rulings on the motions to dismiss with respect to relief under Sections 504 and 1983 are hereby set aside, and defendants' motions to dismiss with respect to these claims is GRANTED. The remainder of the magistrate's ruling is hereby ADOPTED, RATIFIED, and AFFIRMED. SO ORDERED.