Paul ROLLISON, Jr., et al., Plaintiffs,

v.

Carroll W. BIGGS, et al., Defendants.

Civ. A. No. 80–165 MMS.

United States District Court,
D. Delaware.

April 2, 1987.

Reargument Denied May 22, 1987.

Douglas A. Shachtman, and Brian J. Hartman, Esq., of Community Legal Aid Society, Inc., Wilmington, Del., for plaintiffs.

Barry M. Willoughby, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for local defendants.

Regina M. Mullen, and Marcia Rees, of the Dept. of Justice, Wilmington, Del., for state defendants.

MURRAY M. SCHWARTZ, Chief Judge.

In *Rollison v. Biggs*, 567 F.Supp. 964 (D.Del.1983) (*"Rollison I"*), this Court denied plaintiffs' motion for attorneys' fees. On October 21, 1986, the parties stipulated that the judgment denying attorneys' fees would be vacated, and the Court so ordered. Plaintiffs thereafter renewed their fee petition. For the reasons that follow, the Court will grant attorneys' fees in the amount of $77,915.50.

## I. FACTS

The facts underlying this request for attorneys' fees are set forth in detail in *Rollison I*, 567 F.Supp. at 966–67. Generally, the request arises from an action brought in 1980 by plaintiffs Paul and Wanda Rollison on behalf of their son, Kyle Rollison, a handicapped child. The Rollisons sought tuition reimbursement and other relief from the defendants,[1] alleging violations

---

**1.** The defendants may be grouped into two sets: the "state defendants" and the "local defend- ants." *See Rollison I,* 567 F.Supp. at 965 n. 1.

of, *inter alia*, the Education for All Handicapped Children Act ("EAHCA"), 20 U.S.C. §§ 1401 *et seq.;* section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and the Civil Rights Act, 42 U.S.C. § 1983.

Kyle, a minor child with learning disabilities, attended the Pilot School, a private school designed to teach and treat handicapped children. During the school years 1977–78 and 1978–79, the State Board of Education paid Kyle's tuition and travel expenses. In 1979, the Rollisons contacted defendant Biggs seeking the continuation of private placement tuition at the Pilot School for the 1979–80 school year. Subsequently, this application was rejected and Kyle's placement was changed to the public Foulk Road School, a totally segregated facility for handicapped children.

Pursuant to section 1415 of the EAHCA, 20 U.S.C. § 1415, the Rollisons sought review of the decision to deny financial aid to Kyle. First, section 1415(b)(2) requires the local agency to accord parents an "impartial due process hearing" on their complaint. 20 U.S.C. § 1415(b)(2). The local hearing officer denied the Rollisons' request for financial aid. Second, section 1415(c) permits parents to seek review of the local agency's decision by an impartial state level review officer. 20 U.S.C. § 1415(c). The state level review officer, an employee of the State Department of Public Instruction, affirmed the local agency's decision. Finally, section 1415(e)(2) guarantees judicial review to any party aggrieved by the final decision of the state level agency. 20 U.S.C. § 1415(e)(2). Having exhausted their administrative remedies, the Rollisons filed suit in this Court.

During the briefing of plaintiffs' motion for summary judgment in May of 1981, the parties settled and agreed that the state defendants would reimburse the Rollisons for tuition and transportation costs for the 1979–80 school year. The settlement was prompted by the decision in *Grymes v. Madden*, C.A. No. 78–105 (D.Del. Jan. 7, 1981), *aff'd*, 672 F.2d 321 (3d Cir.1982) ("*Grymes II*"). In *Grymes II*, the Court held that the State must provide interim funding pursuant to section 1415(e) of the

EAHCA, 20 U.S.C. § 1415(e), for private placement during the pendency of litigation regardless of the merits of the underlying claims, and that the use of state level review officers employed by the education agency violates the EAHCA requirement that hearing officers be impartial.

On March 2, 1982, a stipulation and order was entered dismissing the action with prejudice as to every claim except claims for attorneys' fees. The state defendants agreed to pay the Rollisons $4,829 plus six percent annual interest from the filing of the complaint. The local defendants did not agree to pay anything to the Rollisons. Plaintiffs then filed for attorneys' fees in excess of $40,000, including fees incurred as a result of litigating the fee petition.

Because the EAHCA did not provide for awards of attorneys' fees, plaintiffs relied exclusively on section 505(b) of the Rehabilitation Act, 29 U.S.C. § 794a(b), and the attorneys' fees provision of the Civil Rights Act, 42 U.S.C. § 1988. On June 29, 1983, this Court denied the motion for fees. The Court first held that because plaintiffs sought no relief that could be granted by section 504 and not by the EAHCA, attorneys' fees were unavailable under section 505(b). Second, the Court held that no statutory cause of action existed under section 1983 and that attorneys' fees under section 1988 were also unavailable for a constitutional claim brought pursuant to section 1983, again because plaintiffs sought no relief that could not be granted by the EAHCA. *Rollison I*, 567 F.Supp. at 970–73.

On July 5, 1984, while *Rollison I* was pending on appeal, the Supreme Court decided *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). The Court held that attorneys' fees were unavailable under section 505(b) and section 1988 in a special education case, taking the same position as this Court had with respect to the preemptive effect of the EAHCA. In light of *Smith*, the Third Circuit Court of Appeals summarily affirmed *Rollison I*, 749 F.2d 27 (3d Cir.1984).

The law remained settled until, on August 5, 1986, Congress enacted the Handi-

capped Children's Protection Act of 1986 ("HCPA"), Pub.L. No. 99–372, 100 Stat. 796. Generally, the HCPA changes prior law in two ways. First, it amends the EAHCA to provide for attorneys' fees. *Id.* § 2, 100 Stat. 796, 796 (to be codified at 20 U.S.C. § 1415(e)(4)). Second, it vitiates the Supreme Court's *Smith* decision by declaring that the EAHCA does not restrict or limit the rights, procedures, and remedies available under the Constitution, the Rehabilitation Act, or other federal statutes. *Id.* § 3, 100 Stat. 796, 797 (to be codified at 20 U.S.C. § 1415(f)). Section 2 of the HCPA, amending the EAHCA to provide for attorneys' fees, was made retroactive to cases brought after July 3, 1984 and to cases brought prior to July 4, 1984 that were pending on July 4, 1984. *Id.* § 5, 100 Stat. 796, 798. Section 3 of the HCPA, providing that the EAHCA is not the exclusive remedy in a special education case, is not made expressly retroactive.

On October 21, 1986, the parties filed a stipulation and order stating that "[t]he Order of June 29, 1983 denying Plaintiff's attorneys fees shall be, and hereby is, vacated." [2] Docket Item 89. The stipulation was prompted by the parties' recognition that *Rollison I* was pending on July 1, 1984. Following the submission of briefs by all parties and oral argument, the parties stipulated to the hours spent by plaintiffs' counsel at each stage of the litigation and to the applicable rates.[3] Therefore, no additional evidentiary hearing was held. Defendants, however, raise a number of legal issues with respect to an award of attorneys' fees.

## II. DISCUSSION

Defendants challenge plaintiffs' eligibility for attorneys' fees in a number of respects. First, defendants argue that section 5 of the HCPA, which makes retroactive the amendment to the EAHCA providing for attorneys' fees, is unconstitutional. Second, defendants contend that plaintiffs are not entitled to recover fees for litigating the fee petition, because section 3 of the HCPA is not made expressly retroactive. The declaration that the EAHCA is not preemptive in a special education case operates only prospectively, the argument goes, and plaintiffs thus were not rendered prevailing parties in *Rollison I.* Third, defendants object that plaintiffs' fee request is out of proportion with the Rollisons' recovery in the settlement. Fourth, the local defendants argue that they are not responsible for attorneys' fees because the plaintiffs did not prevail against them. Finally, the parties disagree on whether a delay factor should be applied to increase the fee award lodestar. These issues will be considered *seriatim.*

### A. Constitutionality of Section 5 of the HCPA

Section 5 of the HCPA provides that "[t]he amendment made by section 2 shall apply with respect to actions or proceedings brought under [the EAHCA] after July 3, 1984, and actions or proceedings brought prior to July 4, 1984, under [the EAHCA] which were pending on July 4, 1984." HCPA, Pub.L. No. 99–372, § 5, 100 Stat. 796, 798 (1986). Defendants' principal

---

**2.** At oral argument on the renewed motion for attorneys' fees, counsel for defendants insisted that the agreement to vacate the judgment in *Rollison I* was intended only to avoid a motion for relief from judgment under Fed.R.Civ.P. 60(b), not to place plaintiffs in a more advantageous position with respect to the legal issues in this case. *See* Transcript, Docket Item 101, at 84–86. Plaintiffs maintain that the stipulation was, by its terms, intended to nullify the June 29, 1983 order. Because the parties disagree on the effect of the stipulation, the Court is constrained to interpret it by its unambiguous terms, and to conclude that the judgment in *Rollison I* has been vacated for all purposes.

**3.** The only disputed portion of the attorneys' fees incurred by plaintiffs is the 37 hours, at $75 per hour, for Mr. Shachtman's review of the record in the EAHCA-mandated administrative proceedings, which defendants claim is excessive. Although defendants assert that it took Mr. Hartman only 17.5 hours to "create" the administrative record in the first instance, the record included 162 pages of educational documents that obviously took much longer to create than it took Mr. Hartman to compile them. The Court thus concludes that Mr. Shachtman did not spend an inordinate amount of time in reviewing the administrative record, and will include the $2,775 in the fee award.

constitutional objection is that this retroactivity provision exceeds Congress' spending power because it impairs the "contract" implicit in the EAHCA, a federal-state cooperative grant program. In support of this argument, defendants cite *Pennhurst State School & Hosp. v. Halderman,* 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981), and *Bennett v. New Jersey,* 470 U.S. 632, 105 S.Ct. 1555, 84 L.Ed.2d 572 (1985).

In *Pennhurst,* the Court stated:

Turning to Congress' power to legislate pursuant to the spending power, our cases have long recognized that Congress may fix the terms on which it shall disburse federal money to the States. Unlike legislation enacted under § 5 [of the fourteenth amendment], however, legislation enacted pursuant to the spending power is much in the nature of a contract: in return for federal funds, the States agree to comply with federally imposed conditions. The legitimacy of Congress' power to legislate under the spending power thus rests on whether the State voluntarily and knowingly accepts the terms of the "contract." There can, of course, be no knowing acceptance if a State is unaware of the conditions or is unable to ascertain what is expected of it. Accordingly if Congress intends to impose a condition on the grant of federal moneys, it must do so unambiguously. By insisting that Congress speak with a clear voice, we enable the States to exercise their choice knowingly, cognizant of the consequences of their participation.

451 U.S. at 17, 101 S.Ct. at 1539 (citations omitted). Defendants argue that the retroactive provision of attorneys' fees under section 5 of the HCPA operates as a condi-

tion on the grant of federal funds under the EAHCA, of which states were unaware when they accepted the funds, and thus exceeds the spending power.

The short answer to this argument is that *Pennhurst* did not address Congress' *power* to impose conditions on funding programs, merely Congress' *intent* to do so.[4] *Id.* at 15, 101 S.Ct. at 1539. Indeed, the Court noted in *Pennhurst* that although Congress' use of spending legislation to impose affirmative obligations on states is constitutionally problematic, "[t]hat issue ... is not now before us." *Id.* at 17 n. 13, 101 S.Ct. at 1540 n. 13.

In *Bennett,* the Court dealt specifically with the retroactivity of an amendment to a spending program. Noting that statutory amendments are presumed to apply retroactively to pending cases, *see Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the Court stated:

*Bradley* held that a statutory provision for attorneys fees applied retroactively to a fee request that was pending when the statute was enacted. This holding rested on the general principle that a court must apply the law in effect at the time of its decision, which *Bradley* concluded holds true even if the intervening law does not expressly state that it applies to pending cases. *Bradley,* however, expressly acknowledged limits to this principle. "The Court has refused to apply an intervening change to a pending action where it has concluded that to do so would infringe upon or deprive a person of a right that had matured or become unconditional."

**4.** Plaintiffs also argue (1) that the EAHCA was enacted pursuant not only to the spending power but also to section 5 of the fourteenth amendment, under which Congress has plenary power to impose retroactive duties on states, *see, e.g., Board of Education v. Rowley,* 458 U.S. 176, 199–200, 102 S.Ct. 3034, 3047, 73 L.Ed.2d 690 (1982); *David D. v. Dartmouth School Dist.,* 775 F.2d 411, 420–21 n. 7 (1st Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 1790, 90 L.Ed.2d 336 (1986); *Crawford v. Pittman,* 708 F.2d 1028, 1036–37 (5th Cir.1983); (2) that the HCPA did not alter the states' expectations under the EAHCA grant program because many courts had

awarded attorneys' fees before the Supreme Court's decision in *Smith;* and (3) that retroactive legislation, at least as it applies to entities other than states, is subject only to rationality review under the due process clause, *see, e.g., Pension Benefits Guaranty Corp. v. R.A. Gray & Co.,* 467 U.S. 717, 104 S.Ct. 2709, 81 L.Ed.2d 601 (1984); *Temple University v. United States,* 769 F.2d 126 (3d Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 2914, 91 L.Ed.2d 544 (1986). Because the Court finds defendants' reliance on *Pennhurst* and *Bennett* to be misplaced, it need not address plaintiffs' other defenses of the HCPA's constitutionality.

*Bennett,* 105 S.Ct. at 1560 (quoting *Bradley,* 416 U.S. at 720, 94 S.Ct. at 2020). Like *Pennhurst, Bennett* was concerned solely with a question of Congress' intent: "We conclude that absent a clear indication to the contrary in the relevant statutes or legislative history, changes in the substantive standards governing federal grant programs do not alter obligations and liabilities arising under earlier grants." *Bennett,* 105 S.Ct. at 1561.

Congress' intent, expressed in section 5 of the HCPA, that attorneys' fees under the EAHCA be awarded retroactively could not be more clear. Therefore, absent a constitutional infirmity, *Pennhurst* and *Bennett* are no bar to an award of fees in this case.

Defendants also argue that section 5 of the HCPA, if applied to nullify the final unappealed order in *Rollison I,* would be an impermissible legislative intrusion on the judicial function. *See McCullough v. Virginia,* 172 U.S. 102, 19 S.Ct. 134, 43 L.Ed. 382 (1898); *Daylo v. Administrator of Veterans' Affairs,* 501 F.2d 811 (D.C.Cir. 1974); *United States v. Chicago Board of Educ.,* 588 F.Supp. 132 (N.D.Ill.1984). This separation of powers argument need not detain the Court. The final order in *Rollison I* has been vacated by mutual agreement of the parties. Thus, there exists no judgment with which section 5 of the HCPA might interfere, and the cases cited by defendants are inapposite.

### B. Fees for Litigating the Fee Petition

 To obtain an award of attorneys' fees for time spent litigating a fee petition, plaintiffs must have prevailed in the fee litigation. *See Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897, 924 (3d Cir.1985); *Prandini v. National Tea Co.,* 585 F.2d 47, 53 (3d Cir.1978). Defendants argue that because the HCPA did not render plaintiffs the prevailing parties in *Rollison I,* plaintiffs are not entitled to recover fees for litigating the fee petition.

In the *Rollison I* litigation, plaintiffs relied exclusively on attorneys' fees entitlements under section 505(b) of the Rehabilitation Act and 42 U.S.C. § 1988, because an argument that fees were available under the EAHCA would have been meritless. Section 2 of the HCPA amends the EAHCA to provide for fees, and section 5 expressly makes this amendment retroactive to cases pending on July 4, 1984. Defendants argue that the HCPA does not render plaintiffs the prevailing parties in *Rollison I* because plaintiffs never raised the EAHCA as grounds for an award of fees.

Section 3 of the HCPA declares that the EAHCA is not the exclusive remedy in a special education case, but that the Rehabilitation Act and the Civil Rights Act are also available as grounds for relief. If this provision were retroactive, defendants concede that the HCPA would render plaintiffs the prevailing parties in *Rollison I.* Defendants point out, however, that unlike section 2, section 3 of the HCPA was not made expressly retroactive.

 The judgment in *Rollison I* has been vacated; thus, the case is for all practical purposes still pending. Under *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), this Court must "apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Id.* at 711, 94 S.Ct. at 2016. Defendants contend that the inclusion in the HCPA of a retroactivity provision applicable to section 2 but not to section 3 raises such a contrary inference. Moreover, defendants note that in the Conference Committee on the HCPA legislation, the House receded from its position that both section 2 and section 3 should be made expressly retroactive.[5] *See* H.R. Conf.Rep. No. 687, 99th Cong., 2d Sess. 7 (1986).

The Third Circuit Court of Appeals has, however, determined the issue adversely to defendants. In *Board of Education v. Di-*

---

5. Some courts have been persuaded by this legislative history that section 3 is not retroactive. *See Silano v. Tirozzi,* 651 F.Supp. 1021, (D.Conn. 1987); *Edward W.B. v. Rochester School Dist.,* —— F.Supp. ——, No. C86-7-L, slip op. (D.N.H. Oct. 9, 1986).

*amond*, 808 F.2d 987 (3d Cir.1986), the Court of Appeals held that section 3 of the HCPA should be applied retroactively to pending cases. The Court explained:

> Section 2 of Pub.L. No. 99–372 added an entirely new fee award provision to the Education of the Handicapped Act. Therefore, it was necessary for Congress to address specifically the application of that new provision to pending cases because many cases under the Education of the Handicapped Act might be brought under that Act alone. Section 3 of Pub.L. No. 99–372 deals with an entirely separate issue—the misinterpretation in *Smith* of the intention of Congress with respect to the preemptive effect of the Education for the Handicapped Act. Thus section 5, which deals with the application of section 2 to pending cases, tells us nothing about congressional intention as to the application of section 3 to pending cases. Since *Smith* interpreted legislation already in place and section 3 of Pub.L. No. 99–372 overruled that interpretation, the only congressional intention that we can discern is that the legislation long in place be interpreted as the dissenters in *Smith* proposed.

*Id.* at 995–96. Therefore, plaintiffs must be considered the prevailing parties in *Rollison I* and are entitled to fees for litigating the fee petition.

### C. Proportionality

The Rollisons' recovery under the March 2, 1982 settlement order was $4,829 plus interest. Plaintiffs now request attorneys' fees of at least $77,915.50. Defendants thus argue that even if plaintiffs were the prevailing parties in the suit underlying the instant fee petition, the fee request is out of proportion with the Rollisons' recovery.

■ Plaintiffs may be considered prevailing parties in the underlying suit, and hence eligible for attorneys' fees, "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quoting

*Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978)); *see NAACP v. Wilmington Medical Center*, 689 F.2d 1161, 1171 (3d Cir.1982) ("the plaintiffs must essentially succeed in obtaining some relief on the merits of their claim, and the circumstances under which the plaintiffs obtain that relief must be causally linked to the prosecution of the complaint"), *cert. denied*, 460 U.S. 1052, 103 S.Ct. 1499, 75 L.Ed.2d 930 (1983); *Institutionalized Juveniles v. Secretary of Pub. Welfare*, 758 F.2d 897, 910–11 (3d Cir.1985) (reaffirming the *Wilmington Medical Center* standard in light of *Hensley*). Plaintiffs may be eligible for fees even though they prevailed through settlement rather than through full litigation of the issues. *See Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980); *Disabled in Action v. Pierce*, 789 F.2d 1016, 1019 (3d Cir.1986).

■ The Rollisons' recovery of $4,829 plus interest, representing tuition and transportation costs for the 1979–80 school year, was all the monetary relief sought in the original complaint. Plaintiffs thus obtained "excellent results" in the litigation. *See Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940. The settlement with defendants was prompted by the decision in *Grymes II*, an EAHCA case decided on grounds similar to those asserted by plaintiffs. *See Rollison I*, 567 F.Supp. at 967. Plaintiffs' lawsuit was thus a material factor in causing defendants to afford relief. *See Disabled in Action*, 789 F.2d at 1019. The Court concludes that plaintiffs are eligible for fees as prevailing parties on their underlying claim.

■ Because the parties have stipulated as to the attorney time spent at each stage of the litigation and have stipulated to the applicable rates,[6] the Court need only decide whether this overall fee lodestar is reasonable in light of the results obtained. *See Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939. In this regard, defendants contend the fee request is disproportionate to the amount recovered by the Rollisons, and should be reduced.

---

**6.** *But see* note 3, *supra*.

■ This argument is untenable in light of the Supreme Court's decision in *City of Riverside v. Rivera,* — U.S. —, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). In *Rivera,* the Court stated:

[W]e reject the notion that a civil rights action for damages constitutes nothing more than a private tort suit benefiting only the individual plaintiffs whose rights were violated. Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms....

. . . .

Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief.... Congress recognized that reasonable attorney's fees under § 1988 are not conditioned upon and need not be proportionate to an award of money damages.

*Id.* 106 S.Ct. at 2694–95; *see Cunningham v. City of McKeesport,* 807 F.2d 49 (3d Cir.1986). This language is equally applicable to cases concerning the rights of the handicapped under the EAHCA and the Rehabilitation Act. The Court therefore will not reduce the fee lodestar to reflect the amount of the settlement between the parties.

## D. Responsibility of Local Defendants

Under the terms of the settlement, the state defendants agreed to reimburse the Rollisons for tuition and transportation costs, but the local defendants did not agree to pay anything. Thus, the local defendants argue that they are not responsible for attorneys' fees because plaintiffs did not prevail against them. Plaintiffs assert, on the other hand, that they prevailed against the local defendants in the EAHCA-mandated administrative proceedings. They point out that the hearing officer presiding at Kyle Rollison's local due process hearing ordered a prospective change in local private placement procedures. *See* Record of Administrative Pro-

ceedings, Docket Item 8, at 151; Docket Item 94A, at N–1.

■ Extrajudicial relief may confer prevailing party status if the plaintiff demonstrates a causal connection between the litigation and the relief obtained; that is, "a plaintiff is a prevailing party to the extent extrajudicial relief makes legal claims moot." *Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897, 911 (3d Cir.1985); *see NAACP v. Wilmington Medical Center,* 689 F.2d 1161, 1166–70 (3d Cir.1982), *cert. denied,* 460 U.S. 1052, 103 S.Ct. 1499, 75 L.Ed.2d 930 (1983). The record in this case, however, clearly indicates that there was no causal link between plaintiffs' civil complaint, which was filed in this Court some months after the local hearing officer's report, and the ordered change in procedures. Plaintiffs are not entitled to fees for litigating issues on which they prevailed at the administrative level and which were therefore never the subject of judicial review. *See Latino Project v. City of Camden,* 701 F.2d 262, 265 (3d Cir.1983) (plaintiff entitled to fees not because he prevailed in an administrative proceeding, "but because he was deemed to have prevailed in his lawsuit due to its impact on the administrative proceeding").

■ For the above reasons, I conclude that plaintiffs did not prevail against the local defendants in the underlying litigation. Further, I do not agree with the state defendants under the circumstances of this case that the local defendants' participation in the ensuing fee litigation subjects them to liability for fees. The local defendants participated because they were named parties to plaintiffs' motion for attorneys' fees. They are therefore not responsible for any portion of the attorneys' fees to which plaintiffs are entitled.

## E. Delay Factor

In addition to the stipulated fee lodestar, plaintiffs request an additional amount to reflect the delay in payment of fees. The requested delay factor essentially amounts to the payment of fees at current market

rates, and would increase the lodestar from $77,915.50 to $97,514.05.

Section 2 of the HCPA, which amends the EAHCA to provide for attorneys' fees, states that "[n]o bonus or multiplier may be used in calculating the fees awarded under this subsection." HCPA, Pub.L. No. 99–372, § 2, 100 Stat. 796, 796 (1986) (to be codified at 20 U.S.C. § 1415(e)(4)(C)). Plaintiffs point to legislative history appearing to indicate that this restrictive language applies only to quality or contingency multipliers, not to delay factors. *See, e.g.,* 132 Cong.Rec. H4845 (daily ed. July 24, 1985) (statement of Rep. Hawkins) ("taking [timing of payment] into account should not be treated as a bonus or multiplier").

The availability of a delay factor under section 505(b) of the Rehabilitation Act and under section 1988 is firmly established. *See Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897, 922 (3d Cir.1985) (section 1988); *Disabled in Action v. Pierce,* 789 F.2d 1016, 1021 (3d Cir.1986) ("cases interpreting the Civil Rights Attorney's Fees Awards Act are controlling for the identically worded section 505(b)"). Because section 3 of the HCPA retroactively permits plaintiffs to recover fees under sections 505(b) and 1988, section 2 is no bar to a delay factor.

I conclude nonetheless that a delay factor is inappropriate under the circumstances of this case. The delay in the receipt of fees results neither from the length of the litigation nor from any fault of the parties, but from a statutory amendment occurring several years after this suit was brought. If not for the enactment of the HCPA, plaintiffs would have recovered no attorneys' fees. Thus, although "payment today for services rendered long in the past deprives the eventual recipient of the value of the use of the money in the meantime," the statutory scheme did not permit an award of fees until very recently. *Institutionalized Juveniles,* 758 F.2d at 922 (quoting *Copeland v. Marshall,* 641 F.2d 880, 893 (D.C.Cir.1980)). The Court will not increase the fee lodestar to reflect the delay in payment of fees.

## III. CONCLUSION

For the foregoing reasons, the Court will grant plaintiffs' motion for attorneys' fees, against the state defendants only, in the amount of $77,915.50.