**In re the Interest of G.C., a minor, By and Through his next friend, W.S., on behalf of himself and all others similarly situated, Plaintiffs,**

**v.**

**Gregory COLER, in his official capacity as Secretary of the Department of Health and Rehabilitative Services for the State of Florida; Gregory Johnson, in his official capacity of the Broward County Regional Juvenile Detention Center; and the Broward County School Board, Defendants.**

**No. 87–6220–Civ.**

United States District Court,
S.D. Florida, N.D.

Nov. 11, 1987.

Norman Elliot Kent, and Michael Dale, Ft. Lauderdale, Fla., Carole B. Shauffer, Mark I. Soler, San Francisco, Cal., for plaintiffs.

Edward Marko, Ft. Lauderdale, Fla., Greg M. Gaebe, Gaebe, Murphy & Mullen, Coral Gables, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Motion to Dismiss First Amended Class Action Complaint of the defendant School Board of Broward County, Florida.

This is a civil rights action brought on behalf of all children who are or will be confined at the Broward County Regional Juvenile Detention Center ("the detention center"). Plaintiff's complaint has been brought by and in the name of G.C., a minor, by and through his next friend, W.S., on behalf of himself and all others similarly situated. The court has not yet considered the issue of class certification.

The complaint seeks declaratory and injunctive relief from inadequate and inappropriate conditions of confinement at the detention center. In particular, the complaint seeks relief from overcrowding, inappropriate placement, unsanitary and dangerous physical conditions, lack of security, lack of adequate medical and psychological care, lack of adequate staff, abusive punishment including isolation and lack of appropriate education and programming including lack of special education. The School Board's Motion to Dismiss is addressed to plaintiff's claims regarding the lack of special education programs for handicapped children as required by § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and Public Law No. 94–142, the Education for All Handicapped Children Act, 20 U.S.C. § 1401 et seq. ("EHA").

### 1. The Rehabilitation Act of 1973

■ The School Board moves to dismiss plaintiff's claims under § 504 of the Rehabilitation Act on the ground that the EHA provides *all* of the remedies, rights, and procedures which Congress intended to apply to a handicapped child's claim to a free and appropriate public education. The Board argues that under *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.

2d 746 (1984), a plaintiff who asserts a valid claim under the EHA is barred from also proceeding under § 504. This argument must fail in light of a recent congressional amendment to the EHA.

"The *Robinson* Court held only that a plaintiff who had prevailed under state law and alleged substantial claims under section 504 and the EAHCA could not recover attorney's fees under the Rehabilitation Act." *Georgia State Conference of Branches of NAACP v. State of Georgia*, 775 F.2d 1403, 1425 (11th Cir.1985). The Court expressed fear that where § 504 added nothing to the substantive rights provided by the EHA, plaintiffs might circumvent the state administrative procedures required under the EHA, be awarded damages where none would be available under the EHA, and, if successful, be awarded attorney's fees. *Smith*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746.

The *Smith* decision prompted the dismissal of claims brought under § 504 when those claims were co-extensive with claims under the EHA. *See Georgia Association of Retarded Citizens v. McDaniel*, 740 F.2d 902 (11th Cir.1984) *cert. denied* 469 U.S. 1228, 105 S.Ct. 1228, 84 L.Ed.2d 365 (1985). In response to the courts' treatment of § 504, Congress overruled *Smith* by amending the EHA to provide that

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 790, et seq.], or other Federal statutes protecting the rights of handicapped children and youth....

The Education for all Handicapped Children Act, as amended Pub.L. No. 99–372 §§ 2, 3, August 5, 1986, 100 Stat. 796, 797 [20 U.S.C.A. § 1415(f) (West Supp.1987)]. The EHA was also amended to provide for reasonable attorney's fees to be awarded to prevailing plaintiffs. 20 U.S.C. § 1415(e). Under § 1415(f), the administrative procedures set forth in the EHA are to be "exhausted to the same extent had the action been brought under [the EHA]." *Id.*

The amendment was "clearly intended to correct *Smith*'s erroneous construction of the original congressional intent." *Board of Education of East Windsor Regional School v. Diamond,* 808 F.2d 987, 994 n. 4 (3d Cir.1986). "The House Committee Report specifically states:

> In sum, since 1978, it has been Congress' intent to permit parents or guardians to pursue the rights of handicapped children through EHA, section 504 and section 1983. Attorneys' fees could be awarded under section 504 (by virtue of section 505) and under section 1983 (by virtue of section 1988). Further, Congress by establishing a comprehensive scheme of procedural protections under EHA (see above) expected that in appropriate situtations these procedures would be used before a parent or guardian filed a law suit.
>
> Congressional intent was ignored by the U.S. Supreme Court when, on July 5, 1984, it handed down its decision in *Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984).

H.R.Rep. No. 296, 99th Cong., 1st Sess. 4 (1985)." *Diamond,* 808 F.2d at 994 n. 4.

It is clear then that plaintiff may assert claims under both § 504 and the EHA. *Contra Association for Retarded Citizens of Alabama v. Teague,* 830 F.2d 158, 159 n. 1 (11th Cir.1987) (following *Smith v. Robinson,* plaintiff may not circumvent EHA remedies by resort to § 504 of the Rehabilitation Act). The Eleventh Circuit gave no indication that it had considered the amendment to § 1415(f) when it decided *Teague.* This court is bound by the Congress' intent and must hold that plaintiffs can proceed under both the EHA and § 504. The remaining question is whether plaintiff's claims are barred for failure to exhaust administrative remedies.

### 2. Exhaustion Requirement

The Education of All Handicapped Children Act, 20 U.S.C. § 1401 *et seq.* sets forth a detailed set of procedural safeguards to be followed by the child's parents or guardian and the local or state educational authorities. *See* 20 U.S.C. § 1415(a), (b). "A number of courts have characterized the failure of a plaintiff to complete the administrative process as a jurisdictional defect" which bars suit in the district court. *Georgia State Conferences,* 775 F.2d at 1425 n. 36.

■ The School Board argues that plaintiff's complaint must be dismissed for failure to exhaust administrative remedies. Plaintiff contends that the exhaustion requirement may be excused where exhaustion of administrative remedies would be futile. The Eleventh Circuit has noted "that futility of exhaustion has been accepted as a valid ground for pursuing EACHA claims directly in the district court...." *Id.* (citations omitted). The Eleventh Circuit recently re-considered the exhaustion doctrine in an action under the EHA. *Association for Retarded Citizens of Alabama Inc. v. Teague,* 830 F.2d 158 (11th Cir.1987).

In *Teague,* plaintiffs filed suit on behalf of not less than 6000 handicapped children who had been students in the Alabama public school system from 1979 to 1986. The complaint alleged that the defendant violated the EHA by failing to provide handicapped children with the "free appropriate public education" called for by the EHA. Plaintiffs had not exhausted available administrative remedies and alleged that to do so would have been futile. The district court granted the defendant's motion for summary judgment on the ground that plaintiffs failed to present a good reason for not exhausting the available state administrative procedures.

The Eleventh Circuit affirmed the summary judgment. In doing so, the court rejected plaintiff's argument that the state was "unprepared to handle thousands of individual administrative hearings." The court noted that there was "no indication that the disposition of a few representative claims would not satisfactorily resolve plaintiffs' complaint." *Id.* at 161–62. The court went on to say that "[i]f after a few such individualized state hearings it becomes clear that the state processes are overloaded or ineffectual, a federal court

action seeking relief under the EHA would then be appropriate." *Id.*

Under *Teague,* plaintiff must also show that the state procedures are inadequate or that resort to administrative procedures would cause irreparable harm. *Id.* at 161. Plaintiff's complaint as it stands fails to allege that the state procedures are inadequate or that resort to the procedures would cause irreparable harm. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss of the defendant Broward County School Board be and the same is GRANTED. Plaintiff shall have ten (10) days from the date of this Order to file a Second Amended Complaint which properly alleges either compliance with the procedures set forth in the EHA or the futility of such compliance.