TITUS, District Judge,
concurring:
I agree that the 180-day notice-of-claim provision under the Virginia Rights of Persons with Disabilities Act may not be applied to bar J.S.’s Rehabilitation Act claim. However, I am concerned that our decision may be misconstrued, albeit incorrectly, as endorsing the exposure of a school system to separate liability under the Rehabilitation Act where, at least under the circumstances of this case, it may be inappropriate in light of the intent of Congress in enacting the IDEA. Because of the procedural posture in the proceedings below, the issue of potential liability under both the Rehabilitation Act and the IDEA was not addressed or decided. Therefore, it would not be appropriate for this Court to do so prior to a decision by the district court. Nevertheless, I write separately in order to bring the issue to the attention of the district court for its consideration on remand.
The district court should consider whether Congress’ intent would be furthered by subjecting the school system to additional damages under the Rehabilitation Act, after it has admitted its liability under the IDEA and J.S. has been afforded relief under the IDEA to remedy that violation. As noted above, we cautioned in Pinderhughes that a § 1983 action could not be used to perform an “end run” around the IDEA. Pinderhughes, 810 F.2d at 1275. In Sellers, we observed that the *481 intent of Congress was that the remedial mechanisms established by the IDEA be pursued solely under its provisions in the absence of bad faith or any gross misjudgment sufficient to support a claim of discrimination under the Rehabilitation Act. Sellers, 141 F.3d at 529. Similar concerns may exist in this case and I believe that they should be addressed by the district court on remand. Unless the district finds bad faith or gross misjudgment, I see little basis for separate liability under the Rehabilitation Act.
The interplay between the IDEA and the Rehabilitation Act was addressed in Smith v. Robinson, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), where the Supreme Court affirmed the First Circuit’s ruling that when a plaintiff brings an action under both the EHA (the predecessor of the IDEA) and the Rehabilitation Act, that plaintiff cannot obtain attorneys fees because the EHA does not provide for such payment.[1] Id. at 1019-21, 104 S.Ct. 3457. Significantly, the Court held that
it is only in the EHA that Congress specified the rights and remedies available to a handicapped child seeking access to public education. Even assuming that the reach of § 504 is coextensive with that of the EHA, there is no doubt that the remedies, rights and procedures Congress set out in the EHA are the ones it intended to apply to a handicapped child’s claim to a free appropriate public education.
Id. at 1019, 104 S.Ct. 3457. In the wake of Smith v. Robinson, circuit courts rendered decisions consistent with this clear opinion. See Doe v. Maher, 793 F.2d 1470, 1479-80 (9th Cir.1986); Georgia Ass’n of Retarded Citizens v. McDaniel, 740 F.2d 902, 902 (11th Cir.1984).
Effective August 5, 1986, Congress amended 20 U.S.C. § 1415. The amendment changed 1415(f), to state: “Nothing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, title V of the Rehabilitation Act of 1973, or other Federal statutes protecting the rights of handicapped children and youth[.]” The Fifth Circuit concluded that “Congress read the Supreme Court’s decision in Smith and acted swiftly, decisively, and with uncharacteristic clarity to correct what it viewed as a judicial misinterpretation of its intent.” Fontenot v. Louisiana Bd. of Elementary and Secondary Educ., 805 F.2d 1222, 1223 (5th Cir.1986). Currently, this “rule of construction” is codified in 20 U.S.C. § 1415(Z).
Upon remand, I believe that the district court should consider this provision of the IDEA and its application in cases where a plaintiff has been accorded relief under the IDEA. One district court has found that when a plaintiffs claims “only challenge the adequacy of special education services ... [those] claims are squarely within the ambit of IDEA, which provides the sole remedy. The Rehabilitation Act claim is redundant of the IDEA claim.” Chuhran v. Walled Lake Consolidated Schools, 839 F.Supp. 465, 475 (E.D.Mich.1993). Other district courts agree. See Ft. Zumwalt School Dist. v. Missouri State Bd. of Educ., 865 F.Supp. 604, 606-07 (E.D.Mo.1994); Swift v. Rapides Parish Public School System, 812 F.Supp. 666, 668 n. 1 (W.D.La.1993); Carey v. Maine School Administrative Dist. # 17, 754 F.Supp. 906, 923 (D.Maine 1990) (stating in dictum that “plaintiffs may not use the general *482 remedial provisions of the [Rehabilitation Act] to expand the scope of the remedies which are available under the [EHA]. Plaintiffs may use the [Rehabilitation Act] only to pursue those remedies available under the [EHA].”).[2]
There are, however, district courts that have read the amendment to the IDEA to evince Congress’ intent “to provide that the EHA is not an exclusive remedy, overruling Smith.” Silano v. Tirozzi, 651 F.Supp. 1021, 1024 (D.Conn.1987). And, at least one district court did permit recovery under both the Rehabilitation Act and the IDEA. P.N. v. Greco, 282 F.Supp.2d 221 (D.N.J.2003). Unfortunately, the opinion in Greco did not discuss the interplay between these two statutes and merely stated, in conclusory terms, that “the requirements imposed under § 504 substantially duplicate those provided under the IDEA[,] ... [accordingly, [two of the defendants] are liable under § 504 on the same theories that render them liable under the IDEA.” Id. at 241 (citation omitted).
Upon remand, I believe that the district court should consider these cases and the issue of whether, in the absence of bad faith or gross misjudgment, a separate and additional remedy under the Rehabilitation Act is appropriate when relief is awarded under IDEA.

. Chuhran and Ft. Zumwalt School Dist. both rely on Smith for the proposition that "the United States Supreme Court held that where the IDEA provides a remedy, it is the exclusive avenue for redress.” Chuhran, 839 F.Supp. at 475; see Ft. Zumwalt School Dist., 865 F.Supp. at 606-07 ("[P]arents cannot rely on § 504 of the Rehabilitation Act for damages unavailable under IDEA.”). Although these cases were decided well after the amendment to § 1415 (l), neither addresses Congress’ reaction to Smith and the subsequent amendment.